PER CURIAM.
We affirm the defendant’s conviction without discussion. We also affirm the defendant’s resentence and reject his argument that the trial court erred in vacating his original sentence and resentencing him to a greater sentence after learning that appellant had misrepresented his identity and criminal record at the original sentencing hearing. See State v. Burton, 314 So.2d 136 (Fla.1975); United States v. Di- *338 Francesco, 449 U.S. 117, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980); and United States v. Bishop, 774 F.2d 771 (7th Cir.1985).
Nevertheless, we certify the following question to the Florida Supreme Court as being of great public importance:
Are the holdings in Senior v. State, 502 So.2d 1360 (Fla. 5th DCA), rev. denied, 511 So.2d 299 (Fla.1987); Katz v. State, 335 So.2d 608 (Fla. 2d DCA 1976); and Doe v. State, 492 So.2d 842 (Fla. 1st DCA 1986), valid, in light of the enactment of the sentencing guidelines, for the reason that a complete and accurate prior criminal record of a defendant is essential to a proper computation of a sentence under said guidelines?
ANSTEAD, GLICKSTEIN and GARRETT, JJ., concur.