559 So.2d 343 (1990)
George GRAHAM, Appellant,
v.
STATE of Florida, Appellee.
No. 89-0590.
District Court of Appeal of Florida, Fourth District.
April 4, 1990.
Richard L. Jorandby, Public Defender, and Jeffrey E. Anderson, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Lynn Waxman, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
At a probation revocation hearing, the trial court found the defendant in violation and, despite an objection, used a different scoresheet to calculate the sentence from the one used at the original sentencing at which the defendant had received probation. We reverse.
We agree that a trial judge can correct a miscalculated scoresheet at any time. Lathrop v. State, 521 So.2d 358 (Fla. 5th DCA 1988). However, what happened in the case at bar was not, for example, an error in arithmetical addition of the numbers apparent from the four corners of the scoresheet. Much more than that occurred. Through some mix-up, the original scoresheet presented to the trial judge did not include several prior convictions at all. In other words, the error was not a miscalculation apparent to any reviewer, it was a total failure to list other convictions in the first place.
We sympathize with the thought that a trial judge should have the ability to impose any sentence which it could lawfully have done originally, Davis v. Wainwright, 408 So.2d 824 (Fla. 3d DCA 1982), and would affirm this cause absent an objection. See Dailey v. State, 488 So.2d 532 (Fla. 1986). However, an objection was interposed sub judice and we find it to be *344 error to consider a whole new scoresheet bearing little resemblance to the original, as distinct from correcting an error made on that original. See Senior v. State, 502 So.2d 1360 (Fla. 5th DCA 1987), rev. denied, 511 So.2d 299 (Fla. 1987). There was simply no miscalculation on the original scoresheet as submitted to the trial judge, and it is too late to correct other errors now.
REVERSED AND REMANDED.
DOWNEY and LETTS, JJ., concur.
ANSTEAD, J., specially concurs with opinion.
ANSTEAD, Judge, specially concurring.
I would certify the issue as to whether the trial court can use a corrected scoring sheet at a probation revocation hearing. Cf. Goene v. State, 552 So.2d 337 (Fla. 4th DCA 1989).