PETERSON, Judge.
Christopher Jesus Perez appeals his sentence alleging that the sentencing guidelines scoresheet was prepared incorrectly. We find that the scoresheet was prepared properly but vacate the sentences for the 1986 convictions.
Perez was convicted in 1986 of two counts each of burglary of a dwelling and grand theft. The sentence imposed was vacated when found to be illegal, but the adjudications of guilt were not disturbed. Subsequent to the adjudication of guilt for the 1986 crimes, but before he was resen-tenced, Perez committed the offenses of escape, burglary of a dwelling, attempted burglary of a dwelling, and grand theft in 1988. Perez entered a plea of guilty to the charges of escape and grand theft, entered a plea of no contest to the charge of burglary of a dwelling, and agreed to accept concurrent sentences within the recommended guidelines.
*448 A scoresheet was prepared in which the 1986 offenses were scored as prior offenses, and the court sentenced Perez to the Department of Corrections for 15 years for all offenses except the grand theft charge for which he was sentenced to 5 years.
The issue raised on appeal is whether offenses for which convictions existed at the time of commission of new offenses may be scored as prior convictions when sentences are to be imposed simultaneously for the prior and current offenses.
The first general rule of Rule 3.701(d) of the Florida Rules of Criminal Procedure is that “[o]ne guideline scoresheet shall be utilized for each defendant covering all offenses pending before the court for sentencing.” The other general rules applicable to this case are found in subparagraphs 4 and 5(a):
4. Additional Offenses at Conviction: All other offenses for which the offender is convicted and which are pending before the court for sentencing at the same time shall be scored as additional offenses based upon their degree and the number of counts of each.
5(a) “Prior record” refers to any past criminal conduct on the part of the offender, resulting in conviction, prior to the commission of the primary offense ....
Because the sentence for the 1986 offenses was vacated, the first and fourth general rules appear to apply to this case. However, the conviction in 1986 before Perez committed the current offenses would also make the fifth general rule applicable requiring the 1986 conviction to be scored as a prior record. Perez believes that this conflict of the first and fourth general rules with the fifth general rule is further complicated by the opinion in Miller v. State, 482 U.S. 423, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987). There, it was held that changes in Florida’s sentencing guidelines which affect the quantum of punishment are substantive in nature and, therefore, subject to the ex post facto clause of article I of the Federal Constitution. Perez notes that the crimes of which he was convicted in 1986 took place before the October 1, 1986, effective date of the December 19, 1985, amendment to the guideline rules, the committee note to which declares that, in resentencings for probation violations, the original crimes should be treated as prior record rather than as additional offenses at conviction. The Florida Bar Re: Rules of Criminal Procedure, 482 So.2d 311 (Fla.1985). This committee note does not apply to the facts of the instant case because Perez’s resentence was a result of an originally void sentence, not the result of a probation violation.
The ex post facto principles of Miller, however, do have application to the resentencing of Perez for the 1986 cases. In Miller, the Court noted that the ex post facto prohibition includes “[ejvery law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed.” 482 U.S. 423, 429, 107 S.Ct. 2446, 2450, 96 L.Ed.2d 351, 359, quoting Calder v. Bull, 3 Dall. 386, 1 L.Ed. 648 (1798). Perez should have been resentenced for the 1986 cases according to the record of Perez as it existed on the original sentencing date of December 22, 1986, the applicable guidelines, and not the much more extensive record compiled by Perez as of the 1989 sentencing date.
The trial court was inclined to enter such a sentence, that is, ignore the 1988 offenses when sentencing for the 1986 offenses, but was persuaded by the defendant to abandon the idea. The defense’s argument was that, if a period of probation was imposed for the 1986 offenses that terminated at a date subsequent to the commission of the 1988 offenses, the conditions of probation would have been violated by the 1988 offenses, and the court then would have resentenced Perez for the 1986 offenses. We are unconvinced that this scenario would have evolved. The defense’s argument presupposes that the court would have imposed such a period of probation and further presupposes that the court would have resentenced Perez for violating the probation.
By combining the 1986 and 1988 sentenc-ings, the court sentenced Perez to 15 years *449 in the Department of Corrections for the 1986 offenses in accordance with the recommended range determined by the 1989 scoresheet. Although the record does not include the 1986 scoresheet, we doubt that such a long prison term could have been imposed for the 1986 offenses based on the guidelines in effect and Perez’s record as of December 22, 1986.
The sentences for the 19.86 convictions are vacated and those cases remanded for imposition of sentences based upon Perez’s status and the guidelines in effect on December 22, 1986, with proper credit for time served. The 1986 convictions were properly scored as prior convictions on the 1989 scoresheet pursuant to Rule 3.701(d)(5)(a), Florida Rules of Criminal Procedure, and the sentences for the 1988 offenses are affirmed.
AFFIRMED in part; REMANDED in part.
COWART and GOSHORN, JJ., concur.