568 So.2d 530 (1990)
John Kostaki PFEIFFER, Appellant,
v.
STATE of Florida, Appellee.
No. 89-1760.
District Court of Appeal of Florida, First District.
October 22, 1990.
Barbara M. Linthicum, Public Defender, and Carl S. McGinnes, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Bradley R. Bischoff, Asst. Atty. Gen., for appellee.
ERVIN, Judge.
Appellant, John Kostaki Pfeiffer, was sentenced to a term of nine years of incarceration following violation of his earlier imposed sentence of community control. At the revocation proceeding, the state presented a newly calculated scoresheet, which included two prior juvenile convictions that had not been scored on appellant's original scoresheet, and which resulted in a greater sentence than that originally recommended. Over objection, the trial court sentenced appellant in accordance with the newly calculated scoresheet.
*531 Florida Rule of Criminal Procedure 3.800(a) authorizes a trial court, at any time, to correct "an incorrect calculation made by it in a sentencing guidelines scoresheet." See also State v. Whitfield, 487 So.2d 1045 (Fla. 1986); State v. Chaplin, 490 So.2d 52 (Fla. 1986). A distinction exists, however, between an error of law, which is apparent on the face of the record, and an error of fact, which is not apparent on the face of the record. If the error is one of fact, as is the case here, it cannot be corrected on appeal or by 3.800(a) motion. See Dailey v. State, 488 So.2d 532 (Fla. 1986); Lomont v. State, 506 So.2d 1141 (Fla. 2d DCA 1987); Senior v. State, 502 So.2d 1360 (Fla. 5th DCA), review denied, 511 So.2d 299 (Fla. 1987).
We therefore REVERSE and REMAND with directions that the trial judge impose a sentence within the range recommended in the original scoresheet. See Graham v. State, 559 So.2d 343 (Fla. 4th DCA 1990).
JOANOS and BARFIELD, JJ., concur.