574 So.2d 1211 (1991)
Frederick L. HARRIS, Appellant,
v.
STATE of Florida, Appellee.
No. 89-01787.
District Court of Appeal of Florida, Second District.
February 22, 1991.
James Marion Moorman, Public Defender, and Robert D. Rosen, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Wendy Buffington, Asst. Atty. Gen., Tampa, for appellee.
PARKER, Judge.
Frederick Harris appeals his sentence which the trial court imposed after Harris *1212 violated probation. We reverse and remand for resentencing.
Harris was charged originally with two counts of lewd and lascivious acts. He pleaded no contest and received two concurrent sentences of three years' probation. His presumptive guidelines sentence was two and one-half to three and one-half years' incarceration.
Harris then pleaded guilty to violating the terms of his probation. The state prepared a new scoresheet for the probation violation sentencing which included prior convictions which were omitted from the original scoresheet. The probation officer did a records check and discovered these additional prior convictions. Harris disputed the accuracy of the prior convictions total. With the additional convictions, Harris's recommended guidelines sentence was seventeen to twenty-two years which included the permitted one-cell enhancement. The trial judge sentenced Harris to fifteen years on count one and two years on count two to run consecutively followed by thirteen years' probation.
Harris has appealed his sentences, arguing that the trial judge erred in using the new scoresheet which contained the additional prior convictions. The state asserts that defense counsel failed to make a contemporaneous objection. The record, however, does not support the state's assertion. Defense counsel requested the trial court to sentence Harris pursuant to the original scoresheet with a one-cell bump for the violation of probation.
We reverse the sentences because a trial court must use the original scoresheet when sentencing a defendant on a violation of probation. See Pfeiffer v. State, 568 So.2d 530 (Fla. 1st DCA 1990); Graham v. State, 559 So.2d 343 (Fla. 4th DCA 1990). The state acknowledges the Graham decision but asks this court to decline to follow it.
The Pfeiffer and Graham opinions do not disclose the reasons that the prior convictions were not included on the original scoresheet. In the instant case, it is alleged that Harris had used aliases and that the crimes he committed using those aliases were not included on the scoresheet. The fact that a person has used an alias should not prevent the state from obtaining a complete record of prior convictions. At any felony sentencing, the trial judge has the ability to obtain a presentence investigation (PSI) for the defendant. Fla.R. Crim.P. 3.710. A probation officer conducting the PSI can obtain a complete criminal history record of a defendant by obtaining a "rap sheet" through the defendant's fingerprint classification. Thus, there is no need to rely upon the defendant's statements as to prior record, because the defendant's use of aliases will become apparent through fingerprint records. If the trial judge decides to forego a presentence investigation and wishes to rely upon the defendant's statements as to his prior record, the trial judge can place the defendant under oath and inquire into that record at the sentencing hearing. The defendant then can be charged with perjury if the defendant is untruthful. We, therefore, agree with our sister courts that the original scoresheet must be used at sentencing for a violation of probation. Accordingly, we find that the trial judge erred in using the new scoresheet which contained the additional prior convictions. The state, of course, may pursue other criminal penalties against Harris if his actions constituted a crime, such as perjury. See Katz v. State, 335 So.2d 608 (Fla. 2d DCA 1976).
Harris also argues, and we agree, that the trial court erred by imposing costs and fees without notice and opportunity to be heard. We, therefore, vacate Harris's sentences and remand for resentencing utilizing the original sentencing guidelines scoresheet.[1] If the state seeks to impose costs and fees, Harris must receive proper notice and an opportunity to be heard.
RYDER, A.C.J., and THREADGILL, J., concur.
NOTES
[1] The original scoresheet, of course, should be updated to reflect additions to any categories for events occurring subsequent to the original sentencing.