STONE, Judge.
This court reversed appellant’s thirty year sentence in Braddy v. State, 520 So.2d 660 (Fla. 4th DCA 1988). The sentence was imposed following a plea to a thirty year “cap” on charges of armed robbery, armed kidnapping, armed burglary, escape, and burglary. At the initial sentencing the scoresheet submitted was for guideline category three, using robbery as the primary offense. However, at resen-tencing the trial court accepted, over the appellant’s objection, the substitution of the category nine scoresheet, the court treating the armed kidnapping as the primary offense at conviction. The state also expanded, over objection, the number of prior offenses scored by adding unresolved convictions, some of which remained on appeal. The trial court again imposed a thirty year sentence.[1] We reverse.
We initially note that the category three guideline sentence was incorrectly established as 12-17 years at the sentencing. The appellant concedes that through a clerical mistake the armed kidnapping was not initially scored as a felony punishable by. life. The correct category three guideline range therefore was 17-22 years. And upon remand, that is the guideline range to be considered. The trial court, implementing the plea terms on remand, has the discretion to impose a sentence in excess of the guidelines up to the thirty year “cap” upon a written finding of valid grounds to aggravate.
The trial court erred both by, at the state’s request, substituting the category nine scoresheet and adding the prior offenses to the scoresheet at resentencing. The state argues that any error was harmless since the sentence imposed did not exceed the “cap” agreed upon. The state also asserts that the change in category of the scoresheet used is analogous to a clerical error in the first sentence in computing a guideline for resentencing. See generally Roberts v. State, 547 So.2d 129 (Fla. 1989); State v. Chaplin, 490 So.2d 52 (Fla.1986). Since the prejudice to appellant is apparent, we reject this argument. Even without scoring the additional offenses, the category nine guideline sentence range exceeds the thirty year cap. With the additional offenses scored, the recommended sentence is life.
This court has determined that on a sentencing following a violation of probation, *1227 the trial court must use the scoresheet and scoring presented at the time the probation was imposed. Graham v. State, 559 So.2d 343 (Fla. 4th DCA 1990). There is no reason to apply a different principle here. We perceive a substantial distinction between a clerical error in scoring, which may be resolved from the face of the record, and a later imposition of a totally different basis for arriving at the guideline sentence including consideration of offenses which could not be scored initially. See Smith v. State, 536 So.2d 1021 (Fla.1988); Harris v. State, 574 So.2d 1211 (Fla. 2d DCA 1991); Pfeiffer v. State, 568 So.2d 530 (Fla. 1st DCA 1990); Perez v. State, 561 So.2d 447 (Fla. 5th DCA 1990). Additionally the appellant had a right to expect the court to apply the same category scoresheet used at the time he entered the plea where the plea to the “cap” contemplated that appellant could argue for a guideline rather than an aggravated sentence.
There is no need to address the other sentencing issues raised which are now moot. The cause is remanded for resen-tencing.
GUNTHER, J„ and WALDEN, JAMES H., Senior Judge, concur.

. The sentence was subsequently affirmed in Case No. 89-0368. However, habeas corpus relief resulted in this further review of the sentence.