600 So.2d 522 (1992)
James HOLLOMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 91-2241.
District Court of Appeal of Florida, Fifth District.
June 12, 1992.
*523 James B. Gibson, Public Defender, James R. Wulchak and Lyle Hitchens, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Myra J. Fried, Asst. Atty. Gen., Daytona Beach, for appellee.
PER CURIAM.
Appellant, James Holloman, timely appeals a departure sentence. In Case No. 87-5369 appellant was charged by information with burglary of a structure. He entered a plea of nolo contendere after which he was adjudicated guilty and sentenced to a term of four years incarceration followed by three years probation with credit for time served. His sentencing guideline scoresheet for that offense totalled 103 points yielding a recommended guideline sentence of three and one-half to four and one-half years and a permitted range of two and one-half to five and one-half years. See Fla.R.Crim.P. 3.988(e).
In Case No. 91-2457 appellant was again charged with burglary of a structure while on probation for the previous Case No. 87-5369. He later pled nolo contendere to burglary of a structure and to violating his probation. He was adjudicated guilty of burglary of a structure in Case No. 87-5369 and sentenced to a term of ten years incarceration. At sentencing, the trial court used a new sentencing guideline scoresheet totalling 161 points and yielding a recommended guideline sentence of seven to nine years and a permitted range of five and one-half to twelve years. See Fla. R.Crim.P. 3.988(e). Both parties agreed to the accuracy of the scoresheet at the hearing. In Case No. 91-2457 appellant was sentenced as an habitual offender to a term of ten years incarceration.
Appellant contends on appeal that the ten-year sentence imposed in Case No. 87-5369 after violating his probation exceeds the one-cell bump-up permitted range and is therefore a departure sentence without written reasons. We agree. It is well established that the trial court must use the original scoresheet at sentencing following a revocation of probation or community control. Tito v. State, 593 So.2d 284 (Fla. 2d DCA 1992); Manuel v. State, 582 So.2d 823 (Fla. 2d DCA 1991); Harris v. State, 574 So.2d 1211 (Fla. 2d DCA), dismissed, 581 So.2d 1310 (Fla. 1991); Pfeiffer v. State, 568 So.2d 530 (Fla. 1st DCA 1990); Graham v. State, 559 So.2d 343 (Fla. 4th DCA 1990). Because the trial court in the present case used a new scoresheet at appellant's probation violation sentencing *524 hearing, the cause should be reversed and remanded for resentencing pursuant to the original scoresheet.
The record also indicates that the trial court was not aware that it was imposing a departure sentence. The court is therefore permitted on remand to consider whether departure is appropriate and, if so, to set forth valid reasons for departure. State v. Betancourt, 552 So.2d 1107 (Fla. 1989). Otherwise, it may impose a sentence in the original cell or in the next higher cell, including the permitted range, without providing written reasons for departure. Brown v. State, 581 So.2d 936 (Fla. 1st DCA 1991). See also Manuel.
REVERSED and REMANDED.
DAUKSCH, COWART and PETERSON, JJ., concur.