DELL, Judge.
In Pittman v. State, 572 So.2d 29 (Fla. 4th DCA 1990), this court reversed appellant’s sentence because the trial court failed to issue its sentencing order in compliance with Ree v. State, 565 So.2d 1329 (Fla.1990). On remand, we directed the trial court to sentence appellant within the guidelines in accordance with Pope v. State, 561 So.2d 554 (Fla.1990). Appellant now contends that the trial court erred upon resentencing because it used a recalculated scoresheet. He also contends that the judgment incorrectly specifies the degree of crime for certain offenses and incorrectly reflects the assessment of costs against him. We reverse and remand.
Appellant concedes that computational errors in the guidelines scoresheet may be corrected at any time. See State v. Chaplin, 490 So.2d 52 (Fla.1986); State v. Whitfield, 487 So.2d 1045 (Fla.1986); Fla. R.Crim.P. 3.800(a). Appellant cites Graham v. State, 559 So.2d 343 (Fla. 4th DCA 1990) and argues, however, that the new scoresheet improperly included an additional ten points for prior convictions not shown on the original scoresheet. In Graham, the trial court, at a probation revocation hearing, used a new scoresheet to calculate the defendant’s sentence which included several prior convictions not shown on the original scoresheet. This court reversed and held that the addition of prior convictions to a new scoresheet amounts to much more than a correction of a clerical error or miscalculation on the original scoresheet. The First District Court of Appeal reached the same result in Pfeiffer v. State, 568 So.2d 530 (Fla. 1st DCA 1990). In Pfeiffer, the court pointed'out that:
Florida Rule of Criminal Procedure 3.800(a) authorizes a trial court, at any time, to correct “an incorrect calculation made by it in a sentencing guidelines scoresheet.” A distinction exists, however, between an error of law, which is apparent on the face of the record, and an error of fact, which is not apparent on the face of the record. If the error is one of fact, as is the case here, it cannot be corrected on appeal or by a 3.800(a) motion.
Id. at 531 (citations omitted).
This court applied the reasoning of Graham in Braddy v. State, 593 So.2d 1225 (Fla. 4th DCA 1992) and held:
This court has determined that on a sentencing following a violation of probation, the trial court must use the score-sheet and scoring presented at the time the probation was imposed. Graham v. State, 559 So.2d 343 (Fla. 4th DCA 1990). There is no reason to apply a different principle here. We perceive a substantial distinction between a clerical error in scoring, which may be resolved from the face of the record, and a later imposition of a totally different basis for arriving at the guideline sentence including consideration of offenses which could not be scored initially. Additionally the appellant had a right to expect the court to apply the same category scoresheet used at the time he entered the plea where the plea to the “cap” contemplated that appellant could argue for a guideline rather than an aggravated sentence.
Id. at 1226-27 (citations omitted).
It seems clear from a review of the foregoing cases that the addition of prior convictions to a new scoresheet on resentenc-ing does not amount to a correction of either a clerical mistake or a miscalculation in the scoresheet as provided for in rule 3.800(a), Florida Rules of Criminal Procedure. The state argues that the line of cases cited by appellant should not apply because the trial court entered appellant’s sentence upon remand from his original direct appeal. The state points out that generally, on remand, a trial court may sentence a defendant to any sentence *1265 which originally could have been imposed, excluding retaliatory or vindictive motivation, before double jeopardy attaches. See Herring v. State, 411 So.2d 966 (Fla. 3d DCA 1982); Williams v. State, 405 So.2d 436 (Fla. 1st DCA 1981), rev. denied, 413 So.2d 877 (Fla.1982). While we find the state’s argument persuasive, the supreme court in Smith v. State, 536 So.2d 1021 (Fla.1988), disapproved of the use of a recalculated scoresheet for resentencing upon remand from an original direct appeal. The recalculated scoresheet included convictions for five counts of armed robbery that occurred after the original sentencing. The fact that here appellant’s pri- or convictions existed at the time of the original sentencing does not dissuade us from following the reasoning in Smith:
Equity compels us to vacate Smith’s life sentence and remand the case for sentencing within the original range of three and one-half to four and one-half years. If Smith had been properly sentenced in the initial proceeding, he would not be facing life imprisonment. To sustain the life sentence would be to punish Smith for the trial court’s mistakes. The more equitable result is to place him in the position he would have been in absent the court’s error. This is consistent with the rule espoused in Shull v. Dugger, 515 So.2d 748, 749 (Fla.1987), that “when all of the reasons stated by the trial court in support of departure are found invalid, resentencing following remand must be within the presumptive guidelines sentence.” The district court found the reasons for departure to'be invalid, and, therefore, Smith should be resentenced according to the original scoresheet.
Id. at 1022.
Accordingly, we hold that the trial court erred when it resentenced appellant based on a new scoresheet that included additional prior convictions not scored on the original scoresheet.
Therefore, we reverse the sentence imposed and remand this case for resentenc-ing consistent with this opinion. We also direct the trial court on remand to correct its judgment to reflect Count II, robbery with a firearm, as a first degree felony; Count III, burglary with a firearm, as a first degree felony; Count IV, shooting into an occupied building, as a second degree felony and to vacate the assessment of costs in the amount of $225.00. The trial court, at the third sentencing hearing, waived all costs.
REVERSED and REMANDED.
GLICKSTEIN, C.J., and WARNER, J., concur.