611 So.2d 58 (1992)
Anthony ROBERTS, Appellant,
v.
The STATE of Florida, Appellee.
No. 92-373.
District Court of Appeal of Florida, Third District.
December 29, 1992.
Bennett H. Brummer, Public Defender, and Louis Campbell, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Barbara Arlene Fink, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and NESBITT and GODERICH, JJ.
NESBITT, Judge.
Anthony Roberts appeals the sentence imposed following a violation of probation. We affirm.
Originally, after a jury trial, the defendant was convicted of selling cocaine, and sentenced to four years in prison followed by six years probation under a scoresheet which mistakenly omitted a number of prior convictions. After appeal, this court affirmed the judgment and sentence. Roberts v. State, 565 So.2d 1359 (Fla. 3d DCA 1990).
Thereafter, the defendant violated his probation and, after a hearing, the court sentenced him to nine years in prison. Because the subsequent scoresheet contained the correct number of prior convictions, the sentence imposed upon the defendant was bumped up three cells. The defendant argues that both the Florida Rules of Criminal Procedure as well as the Florida Supreme Court allow for a maximum one-cell increase in a defendant's sentence upon a violation of probation. Fla.R.Crim.P. *59 3.701(d)(14); see also State v. Pentaude, 500 So.2d 526 (Fla. 1987). Thus, according to the defendant, the court's failure to use the original scoresheet resulted in a sentence which exceeded the maximum allowed one-cell upward increase.
The defendant cites to Graham v. State, 559 So.2d 343 (Fla. 4th DCA 1990) for the proposition that a trial court is without power to consider a new scoresheet, over objection, containing prior convictions completely omitted from the original. The contention then is that the defendant be sentenced under a scoresheet that is simply not based upon the truth. Consequently, we do not agree with Graham because to follow it literally, the defendant receives the benefit of being sentenced under a scoresheet which mistakenly omits prior convictions. Neither the rules nor the substantive law justifies a defendant receiving the largesse of a judicial error. Since only one guidelines scoresheet may be used for each defendant covering all offenses pending before the court at sentencing, Fla. R.Crim.P. 3.701(d)(1); accord Lambert v. State, 545 So.2d 838, 841 (Fla. 1989), following the defendant's argument permits him to escape the punishment meted out by the law.
Furthermore, since the defendant's violation of probation triggered the resentencing, the defendant is not being sentenced for "precisely the same conduct," and double jeopardy concerns do not come into play. State v. Payne, 404 So.2d 1055, 1058 (Fla. 1981) (citing Williams v. Wainwright, 493 F. Supp. 153, 155-56 (S.D.Fla. 1980).
In the instant case, using the original scoresheet, the court could have imposed a maximum sentence of two and one-half to five and one-half years incarceration after the probation violation. Had the defendant originally been sentenced under a correct scoresheet, however, the trial court could have incarcerated him for a maximum of twelve years after his probation violation. Allowing the inaccurate scoresheet to stand unjustly benefits the defendant by allowing his prior convictions to pass unnoticed merely because they were mistakenly omitted the first time.
We certify to the supreme court the apparent conflict between our decision and that of Graham v. State, 559 So.2d 343 (Fla. 4th DCA 1990).
Accordingly, the sentence under review is affirmed.