FRANK, Judge.
James Earl Williams appeals from his conviction for robbery and the sentence imposed following the revocation of his probation. We affirm the jury’s guilty verdict but we remand this matter to the trial court to correct the judgment to reflect a conviction for robbery, not armed robbery. Williams also claims that the trial court exceeded the sentencing guidelines by departing two cells upward from the presumptive range. We disagree and affirm.
In 1990, upon convictions for burglary and attempted burglary, Williams received five years of probation consecutive to a two year prison term stemming from a separate offense. In 1991, Williams was charged and found guilty of the instant robbery, and his probation was revoked. At sentencing for the underlying conviction, the state presented a scoresheet totaling 95 points. That scoresheet recommended a prison sanction of three and one half to four and one half years, and permitted two and one half to five and one half years. Moving to the most severe end of the permitted range of the next higher cell, a bump confined to a one cell increase because of the probation violation, the trial court committed Williams to seven years in prison. See Fla.R.Crim.P. 3.701(d)(14); Williams v. State, 594 So.2d 273 (Fla.1992). Contrary to Williams’ view, we do not find error in an upward bump from the permitted range upon a violation of probation. This is not an illegal departure. Brown v. State, 581 So.2d 936 (Fla. 1st DCA 1991); see also, Holloman v. State, 600 So.2d 522 (Fla. 5th DCA 1992); Manuel v. State, 582 So.2d 823 (Fla. 2d DCA 1991).
We do, however, find error in the computation of the scoresheet upon which the trial court relied. In the prior record column, the scoresheet identifies one second degree felony, for which the scoring rules allocate 30 points; two third degree felonies, for which the scoring rules allocate 21 points; and four misdemeanors, for which the scoring rules allocate 12 points. Fla.R.Crim.P. 3.988(c). The prior record category should have totalled 63, rather than 21, points, which would have produced an aggregate score of 137, rather than 95, points. The error, however, is not reversible. Correctly scored, Williams falls within the sixth cell of the category three score-sheet, a cell corresponding to a recommended range of five and one half to seven years. Hence, Williams actually received a sentence within the recommended bracket. Because we are convinced the trial court would have pronounced a penalty as great or greater than that imposed upon Williams had the scoresheet reflected a proper score, we deem the error harmless.
Accordingly, we affirm the sentence and remand the written judgment for a ministerial correction.
DANAHY, A.C.J., and HALL, J., concur.