618 So.2d 793 (1993)
William C. SCHERWITZ, Appellant,
v.
STATE of Florida, Appellee.
No. 92-2372.
District Court of Appeal of Florida, Fifth District.
May 28, 1993.
James B. Gibson, Public Defender, and Lyle Hitchens, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Belle B. Turner, Asst. Atty. Gen., Daytona Beach, for appellee.
COBB, Judge.
The issue here is whether an erroneous scoresheet can be corrected, resulting in a more severe sentence, after violation of community control in the absence of any affirmative misrepresentations to the court by the defendant. Cf. Goene v. State, 577 So.2d 1306 (Fla. 1991).
In Graham v. State, 559 So.2d 343 (Fla. 4th DCA 1990), the Fourth District held that a trial court is without power to consider a corrected scoresheet under these circumstances. The Third District recently has come to a contrary conclusion in Roberts v. State, 611 So.2d 58 (Fla. 3d DCA 1992):
The defendant cites to Graham v. State, 559 So.2d 343 (Fla. 4th DCA 1990) for the proposition that a trial court is without power to consider a new scoresheet, over objection, containing prior convictions completely omitted from the original. The contention then is that the defendant be sentenced under a scoresheet *794 that is simply not based upon the truth. Consequently, we do not agree with Graham because to follow it literally, the defendant receives the benefit of being sentenced under a scoresheet which mistakenly omits prior convictions. Neither the rules nor the substantive law justifies a defendant receiving the largesse of a judicial error. Since only one guidelines scoresheet may be used for each defendant covering all offenses pending before the court at sentencing, following the defendant's argument permits him to escape the punishment meted out by the law.
Furthermore, since the defendant's violation of probation triggered the resentencing, the defendant is not being sentenced for "precisely the same conduct," and double jeopardy concerns do not come into play.
... Allowing the inaccurate scoresheet to stand unjustly benefits the defendant by allowing his prior convictions to pass unnoticed merely because they were mistakenly omitted the first time. (Citations omitted).
Roberts at 611 So.2d 58, 59.
We agree with the rationale of the Third District and affirm the instant sentence. We acknowledge conflict with Graham.
AFFIRMED.
GOSHORN, C.J., and DAUKSCH, J., concur.