644 So.2d 81 (1994)
Anthony ROBERTS, Petitioner,
v.
STATE of Florida, Respondent.
No. 81182.
Supreme Court of Florida.
October 13, 1994.
Bennett H. Brummer, Public Defender and Louis Campbell, Asst. Public Defender, Miami, for petitioner.
Robert A. Butterworth, Atty. Gen. and Barbara Arlene Fink, Asst. Atty. Gen., Daytona Beach, for respondent.
PER CURIAM.
We have for review Roberts v. State, 611 So.2d 58 (Fla. 3d DCA 1992), based on certified conflict with Graham v. State, 559 So.2d 343 (Fla. 4th DCA 1990), on the issue of whether, in resentencing a defendant after a revocation of probation, a court has authority to revise a guidelines scoresheet to include prior convictions that were mistakenly omitted from the original through no fault of the defendant. We have jurisdiction under article V, section 3(b)(4) of the Florida Constitution.
*82 The facts of this case are undisputed. Roberts was found guilty of the sale of cocaine. The court sentenced him to a term of four years in prison followed by six years on probation. The court sentenced Roberts in accordance with the Sentencing Guidelines, Florida Rule of Criminal Procedure 3.701, based upon a scoresheet that was later found mistakenly to have omitted a number of prior convictions. There is no evidence that Roberts was in any way responsible for the inaccurate scoresheet.
Roberts served the confinement portion of his sentence. While serving the probationary portion, an affidavit of violation of probation was filed alleging Roberts had been arrested for the offenses of possession of cocaine with intent to distribute and of possession of marijuana. His simultaneous trial and probation revocation hearing resulted in a misdemeanor conviction of attempted possession of cocaine and the revocation of his probation.
At sentencing, the court, over objection, used a revised scoresheet to resentence Roberts for the original offense. The revised scoresheet included the prior convictions that were absent from the original scoresheet. The resulting score led to a sentence that exceeded the maximum allowed one-cell increase per violation that is provided under Florida Rule of Criminal Procedure 3.701(d)(14). This sentence ran concurrently with a one-year sentence imposed for the misdemeanor of attempted possession of cocaine.
The Third District Court of Appeal affirmed Roberts' sentence. The court rejected Roberts' argument that under rule 3.701(d)(14) the trial judge could not revise the scoresheet to include the omitted prior convictions but was limited to increasing the guidelines range on the original scoresheet by one cell.
Three district courts of appeal have held that when resentencing a defendant after revocation of probation, a trial court cannot consider prior convictions that were omitted from the original scoresheet unless the omission was the result of an affirmative act by the defendant. Manuel v. State, 582 So.2d 823 (Fla. 2d DCA 1991); Harris v. State, 574 So.2d 1211 (Fla. 2d DCA), cause dismissed, 581 So.2d 1310 (Fla. 1991); Pfeiffer v. State, 568 So.2d 530 (Fla. 1st DCA 1990); Graham v. State, 559 So.2d 343 (Fla. 4th DCA 1990). However, the Fifth District Court of Appeal recently relied on Roberts to hold that prior convictions omitted from the original scoresheet can be considered upon violation of probation. Scherwitz v. State, 618 So.2d 793 (Fla. 5th DCA), review granted, 629 So.2d 135 (Fla. 1993).
When Roberts was originally sentenced, he received the benefit of a mistake in his guidelines scoresheet. Now that he has committed a new crime and violated his probation, we see no reason to perpetuate the error. Justice is not served by awarding a defendant something to which he is not entitled. We agree with the rationale of the opinion below in which the court said:
The defendant cites to Graham v. State, 559 So.2d 343 (Fla. 4th DCA 1990) for the proposition that a trial court is without power to consider a new scoresheet, over objection, containing prior convictions completely omitted from the original. The contention then is that the defendant be sentenced under a scoresheet that is simply not based upon the truth. Consequently, we do not agree with Graham because to follow it literally, the defendant receives the benefit of being sentenced under a scoresheet which mistakenly omits prior convictions. Neither the rules nor the substantive law justifies a defendant receiving the largesse of a judicial error. Since only one guidelines scoresheet may be used for each defendant covering all offenses pending before the court at sentencing, Fla.R.Crim.P. 3.701(d)(1); accord Lambert v. State, 545 So.2d 838, 841 (Fla. 1989), following the defendant's argument permits him to escape the punishment meted out by the law.
Furthermore, since the defendant's violation of probation triggered the resentencing, the defendant is not being sentenced for "precisely the same conduct," and double jeopardy concerns do not come into play. State v. Payne, 404 So.2d 1055, 1058 (Fla. 1981) (citing Williams v. Wainwright, *83 493 F. Supp. 153, 155-56 (S.D.Fla. 1980).
Roberts, 611 So.2d at 59.
We approve the decision below and disapprove Manuel, Harris, Pfeiffer, and Graham to the extent that they conflict with this opinion.
It is so ordered.
GRIMES, C.J., OVERTON, SHAW and HARDING, JJ., and McDONALD, Senior Justice, concur.
KOGAN, J., dissents with an opinion.
KOGAN, Justice, dissenting.
I respectfully dissent because I can find no authority for revising a guidelines scoresheet in the manner done here.
As noted by the majority, until the decision under review, the district courts had uniformly held that when resentencing a defendant after revocation of probation, a trial court cannot consider prior convictions that were omitted from the original scoresheet unless the omission was the result of an affirmative act by the defendant. Manuel v. State, 582 So.2d 823 (Fla. 2d DCA 1991); Harris v. State, 574 So.2d 1211 (Fla. 2d DCA), cause dismissed, 581 So.2d 1310 (Fla. 1991); Pfeiffer v. State, 568 So.2d 530 (Fla. 1st DCA 1990); Graham v. State, 559 So.2d 343 (Fla. 4th DCA 1990); but see Scherwitz v. State, 618 So.2d 793 (Fla. 5th DCA) (relying on Roberts to hold that prior convictions omitted from original scoresheet can be considered upon violation of probation), review granted, 629 So.2d 135 (Fla. 1993). This general rule recognizes that when a trial court resentences a probationer upon the revocation of probation its sentencing authority is limited.
I can find nothing in the pertinent statutes or Sentencing Guidelines that would authorize the sentencing court in this case to add the mistakenly omitted prior convictions to Roberts' scoresheet. The court obtained its authority to resentence Roberts after revocation of his probation from section 948.06, Florida Statutes (1991), and the Sentencing Guidelines found in the Florida Rules of Criminal Procedure.[1] Section 948.06(1) provides, in pertinent part:
If probation or community control is revoked, the court shall adjudge the probationer or offender guilty of the offense charged and proven or admitted, unless he has previously been adjudged guilty, and impose any sentence which it might have originally imposed before placing the probationer on probation or the offender into community control.
(Emphasis added). Florida Rule of Criminal Procedure 3.701(d)(14) provides:
Sentences imposed after revocation of probation or community control must be in accordance with the guidelines. The sentence imposed after revocation of probation or community control may be included within the original cell (guidelines range) or may be increased to the next higher cell (guidelines range) without requiring a reason for departure.
(Emphasis added). Thus, under these provisions, the court could only impose any sentence that it might have imposed under the guidelines range of the original scoresheet or a sentence included within the next higher cell, unless it had valid reasons for departure. No provision is made for amending the original scoresheet or guidelines range to include inadvertently omitted prior convictions.
I recognize that a court has authority to correct an illegal sentence or an incorrect calculation in a scoresheet under Florida Rule of Criminal Procedure 3.800(a) and has inherent authority to correct a sentence that is the result of fraud on the court. Goene v. State, 577 So.2d 1306, 1309 (Fla. 1991). However, neither grant of authority applies here. Roberts made no misrepresentations to the court and neither an illegal sentence nor miscalculation is apparent from the face of the record of the original sentencing. See Graham, 559 So.2d at 343 (for purposes of correcting sentence pursuant to rule 3.800(a), a court is confined to determining correctness of a sentence from the four corners of the original sentencing record); Pfeiffer, 568 *84 So.2d at 531 (sentencing error that can be corrected under rule 3.800(a) must be apparent from face of original record).
Both the majority and the district court below appear to accept the State's argument that the court had authority to prepare a new scoresheet and include the omitted prior convictions because it was sentencing Roberts for both a probation violation and a new substantive offense. Majority op. at 82 ("`Since only one guidelines scoresheet many be used for each defendant covering all offenses pending before the court at sentencing, Fla.R.Crim.P. 3.701(d)(1) ..., following the defendant's argument permits him to escape the punishment meted out by the law.'") (quoting Roberts v. State, 611 So.2d 58, 59 (Fla. 3d DCA 1992)). I cannot agree.
In State v. Stafford, 593 So.2d 496 (Fla. 1992), this Court examined Florida Rule of Criminal Procedure 3.701(d) and held that when a probation violation is being sentenced with new felony offenses, multiple scoresheets are to be prepared to determine the most severe sentence. The scoresheet producing the most severe sentence is the one that must be used to sentence the defendant. Id. at 497; see also State v. Tito, 616 So.2d 39, 40 (Fla. 1993). The procedure outlined in Stafford is inapplicable here because sentencing for the misdemeanor conviction did not require a scoresheet. § 921.001(4)(b), Fla. Stat. (1993); see also Singleton v. State, 554 So.2d 1162, 1164 n. 2 (Fla. 1990). Thus, absent valid reasons for departure, the court was limited to sentencing Roberts within the original guidelines range or the next higher range, as provided in rule 3.701(d)(14). The new misdemeanor offense then could be sentenced separately.
The conclusion that the court erred in revising the original scoresheet to include the omitted prior convictions also comports with notions of double jeopardy under the Florida and Federal Constitutions. U.S. Const. amend. V; art. I, § 9, Fla. Const. It is true that there is no absolute double jeopardy bar to the imposition of a harsher sentence upon the revocation of probation. United States v. DiFrancesco, 449 U.S. 117, 137, 101 S.Ct. 426, 437, 66 L.Ed.2d 328 (1980); Goene, 577 So.2d at 1308; accord State v. Payne, 404 So.2d 1055 (Fla. 1981). This is so because a probationer such as Roberts, who is charged with knowledge of the laws affecting his sentence, has no legitimate expectation that his sentence will not be increased in accordance with those laws if probation is revoked. However, a probationer is entitled to expect that the increase will not exceed the limits set by the legislature. DiFrancesco, 449 U.S. at 139, 101 S.Ct. at 438-39 (Double Jeopardy Clause insures that a defendant does not receive a greater sentence than the legislature has authorized); Goene, 577 So.2d at 1308 (Double Jeopardy Clause bars punishment in excess of that permitted by law).
Under the circumstances present here, Roberts could legitimately expect that, in accordance with section 948.06(1) and the Sentencing Guidelines, his sentence would not be increased more than one cell from the range established on the original scoresheet absent valid reasons for departure. Unlike a defendant who affirmatively misleads the court, Roberts had no reason to expect that the previously omitted prior convictions would be used to enhance his sentence if he violated probation. See Goene, 577 So.2d at 1308; see also United States v. Bishop, 774 F.2d 771 (7th Cir.1985); United States v. Jones, 722 F.2d 632, 637-38 (11th Cir.1983).
Thus, I would quash the decision under review, approve Graham, and hold absent an affirmative act by the defendant that affects the original sentence, a court resentencing a defendant upon a revocation of probation lacks authority to revise a guidelines scoresheet to include prior convictions that were omitted from the original.
NOTES
[1] The pertinent guidelines have been adopted by the legislature in accordance with section 921.001, Florida Statutes (1991). See Smith v. State, 537 So.2d 982, 984-85 (Fla. 1989).