PER CURIAM.
Defendant Larry Coleman appeals his enhanced sentence following a violation of probation. We affirm.
Coleman pled guilty to unlawful possession of a firearm by a convicted felon and was sentenced to time served followed by one year probation. Eight months into his probationary period, the trial court determined he had violated his probation. Using Coleman’s original sentencing scoresheet, the court sentenced the defendant to four and one-half years in prison. That sentence was a two-cell “bump up” from the recommended range of twelve to thirty months, and a one-cell “bump up” from the permitted range of up to three and one-half years.
The defendant argues that Florida Rule of Criminal Procedure 3.701(d)(14) allows only a one-cell “bump up” from the recommended range. We disagree.
Subsection (d)(14) allows a one-cell increase from the guidelines range. Williams v. State, 594 So.2d 273 (Fla.1992). We agree with the analysis of our sister courts that have found that the term “guidelines range” encompasses both the recommended and permitted ranges. Fla. R.Crim.P. 3.701(d)(8); Williams v. State, 611 So.2d 1334, 1335 (Fla. 2d DCA 1993); Brown v. State, 581 So.2d 936, 937 (Fla. 4th DCA 1991); see also Peters v. State, 531 So.2d 121, 123 (Fla.1988). A trial court has the discretion to increase a sentence by one-cell following a violation of probation or community *300 control, using either the recommended or permitted range as the base.
Because the one-cell increase from the permitted range is allowed by the Florida Rules of Criminal Procedure, the sentence imposed is affirmed.