647 So.2d 994 (1994)
James Lewis REEVES, Appellant,
v.
STATE of Florida, Appellee.
No. 93-04179.
District Court of Appeal of Florida, Second District.
December 16, 1994.
*995 James Marion Moorman, Public Defender, and John T. Kilcrease, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Angela D. McCravy, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
James Lewis Reeves appeals his judgments and sentences, rendered after a jury trial, for manslaughter by culpable negligence[1] and leaving the scene of an accident involving personal injury.[2] He raises two claims, only one of which we find has merit.
First, we reject his argument that the trial court erred in permitting certain lay witnesses to express an opinion as to the speed of his vehicle. See, e.g., Albers v. Dasho, 355 So.2d 150, 153 (Fla. 4th DCA), cert. denied, 361 So.2d 831 (Fla. 1978). Accordingly, we affirm his manslaughter conviction.
We agree, however, with Reeves' argument that the trial court committed fundamental error in instructing the jury that knowledge that an accident has resulted in death or injury to a person is not an essential element of willfully leaving the scene of an accident. Mancuso v. State, 636 So.2d 753 (Fla. 4th DCA), review granted, 645 So.2d 455 (Fla. 1994). The fact that he did not object to this instruction does not alter our conclusion because a misleading jury instruction constitutes both fundamental and reversible error subject to appellate review even in the absence of an objection. Carter v. State, 469 So.2d 194 (Fla. 2d DCA 1985). Accordingly, we reverse this conviction and remand for a new trial.
If, on remand, the leaving the scene offense is disposed of favorably to Reeves, then we direct the trial court to resentence him on the manslaughter charge with a corrected scoresheet. The trial court's comments at sentencing clearly indicate that its reason for imposing an extended term of imprisonment was because Reeves showed no concern for the victim by leaving the scene. Based on these comments, we are unable to conclude that the trial court would have imposed as severe a sentence for manslaughter, absent the leaving the scene conviction. See Williams v. State, 611 So.2d 1334 (Fla. 2d DCA 1993).[3] Thus, we conclude that the trial court should have the opportunity to revisit its manslaughter sentence if the leaving the scene offense is resolved in Reeves' favor. In that event, however, the trial court would still be free to reimpose the original manslaughter sentence if otherwise permitted by the guidelines.
Affirmed in part, reversed in part, and remanded for new trial with directions.
SCHOONOVER, A.C.J., and THREADGILL and LAZZARA, JJ., concur.
NOTES
[1] § 782.07, Fla. Stat. (1991).
[2] § 316.027, Fla. Stat. (1991).
[3] The incarcerative portion of the manslaughter sentence fell within the upper limits of the permitted guideline sentencing range.