LAWRENCE, Judge.
Kimberly Hills (Hills) appeals her judgment and sentence imposed based on a category 9 scoresheet. A category 5 or category 8 scoresheet should have been used. We therefore reverse.
Hills’ judgment reflects that she entered a nolo contendere plea and was adjudicated guilty to: throwing a deadly weapon into a building (one count) (a second-degree felony); culpable negligence inflicting injury (one count) (a first-degree misdemeanor); burglary of a dwelling (two counts) (second-degree felonies); battery (one count) (a second-degree felony); and grand theft (one count) (a third-degree felony).[1] A category 5 score-sheet was used in Hills’ original sentencing. It lists the primary offense at conviction as “burglary of a dwelling — person assaulted— F-l (pbl).” This was error: Hills neither pleaded to nor was adjudicated guilty of burglary of a dwelling with a person assaulted; the 70 points assigned for this crime thus are assigned in error. The scoresheet also lists “resisting arrest” as an offense. This too is error: Hills neither pleaded to nor was adjudicated guilty of resisting arrest. Judgment was entered and Hills was placed on community control for two years, followed by probation for two years, based on a category 5 scoresheet totalling 111 points, resulting in a permitted sentencing range of “3½ — 7” years’ incarceration. No appeal was taken.
*1315 Hills violated community control by shoplifting on August 19, 1994, and by failing to remain in confinement in her home on numerous occasions.[2] The judge sentenced Hills, using a category 9 scoresheet, to nine years in prison. No objection was made to the scoresheet.
Scoresheet errors can be raised for the first time on direct appeal; scoresheet errors moreover are not harmless if the corrected total does not correspond to the same guidelines cell as the erroneous total. De-paróme v. State, 603 So.2d 679 (Fla. 1st DCA 1992). Hills’ scoresheet errors result in her placement two cells higher than would result from a properly calculated scoresheet, and thus are cognizable. Scoresheet errors moreover can be corrected in resentencing. See Roberts v. State, 644 So.2d 81 (Fla.1994).
The State erroneously asserts that the correct scoresheet for use in Hills’ case is 9. The category 9 scoresheet is for use with “[a]ll other felony offenses,” that is, other than those felonies enumerated in other scoresheets. Throwing a deadly missile into a dwelling is a violation of section 790.19, Florida Statutes (1991). Scoresheet 8 (“Chapter 790 — Weapons and Firearms”) is appropriate for the “throwing a deadly missile into a dwelling” offense, and produces a score of 88 points,[3] putting Hills in the “community control or 1 — 4½ years incarceration” range. Fla.R.Crim.P. 3.988(h). The one-cell bump-up for violation of community control, see Fla.R.Crim.P. 3.701(d)(14), places Hills in the “2½ — 5⅜” range.
Scoresheet 5 (“Burglary”) is appropriate for the “burglary of a dwelling” offenses, and produces a score of 75,[4] putting Hills in the “community control or 1 — 4½ years incarceration” range. Fla.R.Crim.P. 3.988(e). The one-cell bump-up for violation of community control places Hills in the “2½ — 5½” range. The category 8 and the category 5 score-sheets thus produce the same severity of sanction, see Fla.R.Crim.P. 3.701(d)(3)(B),[5] and therefore either is correct.
The trial court sentenced Hills to nine years, using an erroneously employed category 9 scoresheet, totalling 198 points. The category 9 scoresheet placed Hills in a higher cell than she would have occupied had a correct scoresheet (category 5 or 8) been used; the error consequently is not harmless. Deparvine.
We thus vacate Hills’ nine-year sentence, remand for correction of the judgment to reflect the inclusion of grand theft to which Hills pleaded guilty, Roberts, and for resen-tencing within the category 5 or 8 scoresheet range.
ERVIN and MICKLE, JJ., concur.

. These crimes were committed between August 4 and August 15, 1992, in Leon County.

. Hills also failed to pay costs, fines, and restitution, not at issue here.

. This figure assumes the prior record appearing in the instant record.

.Again this figure assumes the prior record appearing in the instant record.

. "The guidelines scoresheet that recommends the most severe sentence range shall be the scoresheet to be utilized by the sentencing judge pursuant to these guidelines.”