COPE, J.
Carlos Cesar Hernandez appeals the sentences imposed after revocation of community control, claiming scoresheet error. We conclude that the scoring was correct and affirm.
After revocation of community control, defendant-appellant Hernandez was sentenced to sixty months incarceration. While his appeal was pending, he filed a motion in the trial court to correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b)(2). He contended, and the trial court agreed, that he was entitled to be resentenced under the 1994 sentencing guidelines.*
The trial court vacated defendant’s sentences and a new scoresheet was prepared. This resulted in score reductions on defendant’s felony offenses.
During the sentencing proceeding, however, it also became clear that the previous scoresheet had omitted scoring for three misdemeanors which were part of circuit court case number 95-9199. At the time of defendant’s original plea in that case in 1996, sentence had been suspended on the three misdemeanor counts.
Over defendant’s objection, the trial court included scores for the misdemeanor counts on the scoresheet as additional offenses, resulting in the addition of six-tenths of a point. The trial court then resentenced the defendant to the score-sheet maximum, 27.5 months, and defendant has appealed.
Defendant argues that “[o]n a Rule 3.800(b) motion to correct a sentencing error, made during the pendency of an appeal, the trial court could not go beyond the sentencing errors identified in the motion, and could not augment the maximum sentence indicated upon the correction of the specified error by considering and adding to the sentencing scoresheet new items never considered or scored before.” Initial brief at 7.
We believe the settled law is contrary to the defendant’s position. In Roberts v. State, 644 So.2d 81 (Fla.1994), the court considered “the issue of whether, in resen-tencing a defendant after a revocation of *358 probation, a court has authority to revise a guidelines scoresheet to include prior convictions that were mistakenly omitted from the original through no fault of the defendant.” Id. at 81. The court concluded the answer is yes. “When [defendant] was originally sentenced, he received the benefit of a mistake in his guidelines score-sheet. Now that he has committed a new crime and violated his probation, we see no reason to perpetuate the error. Justice is not served by awarding a defendant something to which he is not entitled.” Id. at 82.
In Martinez v. State, 770 So.2d 211 (Fla. 4th DCA 2000), the court held “that it is proper to correct the original scoresheet when determining whether a defendant should be resentenced under Heggs.” Id. at 213 (citation omitted).
It makes no difference to the analysis that the resentencing has been initiated by a motion to correct sentencing error under Rule 3.800(b)(2).
Affirmed.

 With respect to circuit court case number 97-14202, this was on account of Heggs v. State, 759 So.2d 620 (Fla.2000). With respect to circuit court case number 95-9199, the 1994 guidelines were the ones in effect at the time of the offense.