BLUE, Acting Chief Judge.
Following the violation of his probation, David Atkins presents two alleged sentencing errors. We find merit in neither and, accordingly, affirm.
Atkins’ primary concern is that the trial court used a corrected scoresheet when imposing the sentences upon violation of probation; specifically, a scoresheet that used a different category resulting in a higher sentencing range. In sentencing a defendant after a revocation of probation, the court has authority to revise the guidelines scoresheet to include prior convictions that were mistakenly omitted from the original scoresheet. See Roberts v. State, 644 So.2d 81 (Fla.1994). The error here was not missing prior convictions, but the incorrect category. Roberts discusses the fact that the defendant received the benefit of the scoresheet error at his original sentencing and there is no reason to “perpetuate the error.” Roberts, 644 So.2d at 82. “Justice is not served by awarding a defendant something to which he is not entitled.” Id. Applying Roberts, the trial court properly used the corrected scoresheet.
Regarding Adkins’ second concern, he is entitled, as determined by the trial court, to credit for time served in accordance with Tripp v. State, 622 So.2d 941 (Fla.1993).
Affirmed.
CASANUEVA and STRINGER, JJ., concur.