869 So.2d 754 (2004)
STATE of Florida, Appellant,
v.
Earl MARSHALL, Appellee.
No. 5D03-1258.
District Court of Appeal of Florida, Fifth District.
April 8, 2004.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Allison Leigh Morris, Assistant Attorney General, Daytona Beach, for Appellant.
James B. Gibson, Public Defender, and Nancy Ryan, Assistant Public Defender, Daytona Beach, for Appellee.
*755 MONACO, J.
The State of Florida appeals the sentence meted out to the appellee, Earl Marshall, after Mr. Marshall violated his probation. Because the trial court used an erroneous scoresheet and awarded a downward departure without valid written or transcribed reasons for doing so, we remand for resentencing.
In accordance with a plea agreement, Mr. Marshall pled nolo contendere to two of three drug offenses, in exchange for an agreed concurrent sentence of 51 weeks in county jail, with credit for time served, plus one year of probation, which included a special condition requiring completion of a residential drug treatment program. The sentence was a small downward departure, founded on the uncoerced negotiated plea agreement. See State v. Williams, 667 So.2d 191 (Fla.1996). After serving the incarcerative portion of the sentence, Mr. Marshall absconded from supervision. He was eventually taken into custody, and admitted the violation of probation. In making the admission, however, he was apparently unaware that the State would seek to correct the scoresheet upon which he was originally sentenced.
At sentencing for the violation of probation, the State pointed out to the trial court that a number of prior convictions had not been scored on Mr. Marshall's Criminal Punishment Code scoresheet that had been submitted at the time of his original sentencing. The revised scoresheet, with the additional points from the violation of probation, reflected a lowest permissible sentence of 17.925 months in state prison. The defense argued for 13.05 months, based on the original incorrect scoresheet. The trial judge, who expressed concern because Mr. Marshall was induced to plead initially by use of an incorrect scoresheet, sentenced Mr. Marshall to serve 51 weeks and 48 days in state prison (he had been in custody for 48 days on the violation of probation), with credit for time served. The State appeals. We reverse.
The issue presented was answered by the Florida Supreme Court in Roberts v. State, 644 So.2d 81 (Fla.1994). There, the court held that in resentencing a defendant after a revocation of probation, a court has the authority to correct a sentencing guideline scoresheet to include prior convictions that were mistakenly omitted from the original scoresheet, even though the error was made through no fault of defendant. See also Scherwitz v. State, 618 So.2d 793 (Fla. 5th DCA 1993), approved, 644 So.2d 85 (Fla.1994).
The defendant in Roberts was the beneficiary of a mistake in his original guidelines scoresheet, just as Mr. Marshall is here. The Florida Supreme Court concluded that since the defendant had committed a new crime and, thus, violated his probation, they saw no reason to perpetuate the error. "Justice is not served by awarding a defendant something to which he is not entitled." Citing with approval the Third District's opinion in Roberts v. State, 611 So.2d 58 (Fla. 3d DCA 1992), the Florida Supreme Court said further:
The defendant cites to Graham v. State, 559 So.2d 343 (Fla. 4th DCA 1990) for the proposition that a trial court is without power to consider a new scoresheet, over objection, containing prior convictions completely omitted from the original. The contention then is that the defendant be sentenced under a scoresheet that is simply not based upon the truth. Consequently, we do not agree with Graham because to follow it literally, the defendant receives the benefit of being sentenced under a scoresheet which mistakenly omits prior convictions. Neither the rules nor the substantive law requires a defendant receiving *756 the largesse of a judicial error. Since only one guideline scoresheet may be used for each defendant covering all offenses pending before the court at sentencing, Fla. R.Crim. Proc. 3.701(d)(1); accord Lambert v. State, 545 So.2d 838, 841 (Fla.1989), following the defendant's argument permits him to escape the punishment meted out by the law.
Furthermore, since the defendant's violation of probation triggered the resentencing, the defendant is not being sentenced for "precisely the same conduct".... [Cites omitted].
Roberts, 644 So.2d at 82. See also Aponte v. State, 810 So.2d 1008 (Fla. 4th DCA 2002); Atkins v. State, 787 So.2d 57 (Fla. 2d DCA 2001); Hernandez v. State, 776 So.2d 356 (Fla. 3d DCA 2001).
In the present case the trial court awarded Mr. Marshall a downward departure sentence after the violation of probation without giving valid reasons for doing so. See § 921.00265(2), Fla. Stat. (2000). The statutory reasons for a downward departure are specified in section 921.0026, Florida Statutes (2000). No written reasons for the departure were filed, and the transcript of the proceedings indicates that the trial court did not list any appropriate reasons in downwardly departing in Mr. Marshall's case.
We conclude, therefore, that Mr. Marshall should be given an opportunity to withdraw his admission of violation of probation in light of this opinion. If he decides to admit the violations, or should the trial court find that he violated his probation, Mr. Marshall is to be resentenced using a corrected scoresheet. If the trial court wishes to depart downwardly from the indicated guidelines sentence, it must announce or write its valid reasons for doing so. We note collaterally that if Mr. Marshall disputes the validity of the additional offenses to be scored, the State is required to corroborate those convictions as is required by law. See Jackson v. State, 588 So.2d 1085 (Fla. 5th DCA 1991); Vandeneynden v. State, 478 So.2d 429 (Fla. 5th DCA 1985); see also Eutsey v. State, 383 So.2d 219 (Fla.1980).
REVERSED and REMANDED for resentencing.
PETERSON and THOMPSON, JJ, concur.