PER CURIAM.
 

 The State appeals from a downward departure sentence imposed on Roger Jerome Jackson for the third degree felony charge of possession of cocaine. Jackson’s criminal punishment code score-sheet indicated a lowest permissible sentence of 28.95 months in prison. If a “trial court wishes to depart downwardly from the indicated guidelines sentence, it must announce or write its valid reasons for doing so.”
 
 State v. Marshall,
 
 869 So.2d 754, 756 (Fla. 5th DCA 2004);
 
 see also,
 
 § 921.0026(1), Fla. Stat. (2010) (“A downward departure from the lowest permissible sentence, as calculated according to the total sentence points pursuant to s. 921.0024, is prohibited unless there are circumstances or factors that reasonably justify the downward departure”).
 

 At sentencing, the trial judge did not give any reason for the departure sentence but indicated that he would later supply a written order justifying it. When the judge later failed to supply any written departure reasons, the State appealed. Jackson properly concedes error. Because the trial court had already promised Jackson a departure sentence prior to Jackson’s entry of a plea in this case, Jackson should be given an option of withdrawing his plea if the court now concludes that no
 
 *683
 
 valid basis for departure exists.
 
 See Marshall.
 
 Accordingly, we reverse and remand with directions that the trial court either justify any departure sentence with valid reasons for departure, or give Jackson an opportunity to withdraw his plea prior to imposition of a guidelines sentence.
 
 Id.
 

 REVERSED AND REMANDED WITH DIRECTIONS.
 

 LAWSON, EVANDER and COHEN, JJ., concur.