PER CURIAM.
 

 The State of Florida appeals the probationary sentence imposed on Charles F. Davis, following his plea to a charge of aggravated battery with a deadly weapon. Davis scored a minimum sentence of 21.3 months in prison on his Criminal Punishment Code scoresheet. Over the State’s objection, the trial court departed downward, explaining that: “Given Mr. Davis’s almost complete absence of a prior record, a downward departure is appropriate in this case.... ” This is not a valid basis for departure.
 
 State v. Stephenson,
 
 973 So.2d 1259, 1264 (Fla. 5th DCA 2008) (“The trial court lacks discretion to grant a downward departure sentence based on factors already taken into account by the sentencing guidelines.... A defendant’s prior criminal record, or lack thereof, is one such factor.”) (internal citations omitted). As the trial judge gave no other reason for imposing a departure sentence, we reverse the sentence and remand for a new sentencing hearing.
 
 [1]
 

 See Jackson v. State,
 
 64 So.3d 90 (Fla.2011).
 

 REVERSED AND REMANDED FOR RESENTENCING.
 

 PALMER, LAWSON, and EVANDER, JJ., concur.
 

 [1]
 

 . If Davis’ plea was induced by the trial judge’s promise of a probationary sentence, as the record suggests, Davis must also be allowed to withdraw his plea if no valid basis for downward departure is found on remand.
 
 See State v. Jackson, 55
 
 So.3d 682 (Fla. 5th DCA 2011).