PER CURIAM.
Pursuant to Florida Rule of Criminal Procedure 3.800(a), Carl Jones challenges the sentence imposed upon him. After a period of probation, which was continued in effect notwithstanding several violations, the court ultimately sentenced Jones to five years imprisonment with 327 days credit for time served. Jones claims the aggregate of jail time and probation supervision exceeds 327 days.
The combination of time spent incarcerated and under supervision may not exceed the statutory maximum provided for any offense. Waters v. State, 662 So.2d 332 (Fla.1995). Jones spent twenty months and nineteen days in jail or under supervision prior to sentencing. Thus, his prison sentence coupled with the time he claims he spent in jail and on probation exceed five years even when the 327 days credit for time served is included in the computation. If his calculations are correct, Jones is serving an illegal sentence.
We reverse and remand in order that the trial court may append record documents, if any, to any order refuting Jones’ allegation. If the record fails to disclose that the sentence imposed, along with jail and probation time already served, lies within the maximum penalty allowed for the offense, resentencing is required. Jones’ presence at a new sentencing proceeding is unnecessary.
Timely review of any order of the trial court must be initiated by Jones within thirty days of the rendition of such order.
Reversed and remanded.
FRANK, A.C.J., and BLUE and FULMER, JJ., concur.