676 So.2d 1026 (1996)
Charles RUSSELL, Appellant,
v.
The STATE of Florida, Appellee.
No. 95-3591.
District Court of Appeal of Florida, Third District.
June 26, 1996.
Bennett H. Brummer, Public Defender, and Louis Campbell, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and Consuelo Maingot, Assistant Attorney General, for appellee.
Before NESBITT, JORGENSON and COPE, JJ.
COPE, Judge.
Charles Russell appeals an order denying his motion to correct illegal sentence. We affirm.
Defendant-appellant Russell first argues that he is entitled to be granted credit against his prison sentence for time which he previously served on probation. He interprets the Florida Supreme Court's recent decision in Waters v. State, 662 So.2d 332 (Fla.1995), as requiring such credit. We disagree.
Defendant was placed on probation for possession of cocaine, a third degree felony having a legal maximum term of five years. On three subsequent occasions, defendant violated probation. On the first two occasions, the trial court again placed defendant on probation, but on the third occasion the court *1027 sentenced defendant to a term of four and one-half years in prison.
Following the Florida Supreme Court's announcement of its decision in Waters, defendant filed a motion to correct illegal sentence. Defendant contends that under Waters, he is entitled to be given credit against his prison sentence for the time which he previously served on probation. According to a calculation made by the trial court at an earlier stage on this case, the defendant satisfactorily completed three years and two months on probation. Defendant interprets Waters to say that the total of the defendant's prison sentence (in this case, four and one-half years) and the time previously served on probation (in this case, three years and two months) cannot exceed the legal maximum sentence (in this case, five years). Defendant contends that he must be given appropriate credit against his prison term so that the sum of the prison term and the three years and two months previously served on probation do not exceed the five-year legal maximum.
Defendant's position is incorrect. The decision in Waters applies where, after revocation of probation, the defendant is given a split sentence of incarceration followed by probation. Waters v. State, 662 So.2d at 333. Under that circumstance, "`If the trial court includes probation as part of a sentence upon revocation of probation, the trial court must give credit for any time previously served on probation if the new period of probation together with other sanctions (including jail and prison credit) and the time previously served on probation total more than the statutory maximum for the underlying offense.'" Id. (citation omitted; emphasis added).
In the present case, upon revocation of probation the trial court sentenced defendant to four and one-half years in prison. This is an ordinary prison sentence, not a split sentence. The Waters decision has no application to this case. The four and one-half year period of incarceration is less than the five-year legal maximum and accordingly is a legal sentence.
Defendant in substance requests that he be given credit against his prison term for time previously served on probation. The Supreme Court in Waters and in State v. Summers, 642 So.2d 742 (Fla.1994) pointed out that such credit is specifically prohibited by statute. "No part of the time that the defendant is on probation or in community control shall be considered as any part of the time that he shall be sentenced to serve." § 948.06(2), Fla. Stat., quoted in Waters v. State, 662 So.2d at 333 n. 1; State v. Summers, 642 So.2d at 743. Probation is a minimal restraint on liberty compared with incarceration, and a probationary period is not considered to be a "sentence." See State v. Summers, 642 So.2d at 744. Accordingly the statute provides that upon violation of probation, the trial court may impose any sentence which might have originally been imposed, § 948.06(1), Fla. Stat., and the time previously spent on probation will not be credited against a period of incarceration. The trial court correctly denied the relief requested by defendant.[1]
Defendant also suggests that this interpretation creates an anomaly by which the defendant could serve nearly double the legal *1028 maximum under supervision. For example, for a third degree felony a defendant could serve almost five years on probation, then have an affidavit of violation of probation filed near the end of the five-year term, and then be sentenced to five years imprisonment, thus resulting in almost ten years of legal constraint. See Summers v. State, 625 So.2d 876, 880 n. 6 (Fla. 2d DCA 1993) (en banc), approved, State v. Summers, 642 So.2d at 744. This is not an anomaly, but on the contrary is the explicit legislative intent. Section 775.082, Florida Statutes, establishes legal maximum penalties, and must be read in pari materia with Section 948.06 Florida Statutes, which regulates probation. Section 775.082 specifies that "A person who has been convicted of any other designated felony may be punished as follows ... For a felony of the third degree, by a term of imprisonment not exceeding 5 years." Id. § 775.082(3)(d) (emphasis added). The probation statute provides that upon revocation of probation, a term of incarceration can be imposed without giving credit for time previously served on probation. § 948.06(2), Fla. Stat. The availability of incarceration for the legal maximum term serves as a sanction for violation of probation.
As stated in Hall v. Bostic, 529 F.2d 990 (4th Cir.1975), cert. denied, 425 U.S. 954, 96 S.Ct. 1733, 48 L.Ed.2d 199 (1976):
There is nothing unusual in the denial by ... law of credit for probation or parole time against a prison sentence. It is common to both state and federal probation and parole systems. The validity of such denial has been universally recognized both in federal and state decisions....
....
... A person does not serve a prison sentence while on probation or parole any more than he does while free on bail. In both instances, there are certain restrictions generally on the person's movements but the person's condition ... is `very different from that of confinement in a prison.'
Id. at 991-92 (footnotes and citations omitted).
Defendant next argues that he is entitled to be released because by his calculation, his probationary term expired prior to the filing of the third affidavit of violation of probation. Defendant argues that the trial court lost jurisdiction of him, and consequently could not entertain the third affidavit of violation of probation, nor sentence defendant to imprisonment based on that violation.
This claim is procedurally barred. In 1994 defendant filed a previous motion to correct illegal sentence under Rule 3.800(a). The motion was filed shortly after the Florida Supreme Court announced its decision in State v. Summers. Defendant argued that based on Summers, he "should not have been subject to court supervision beyond 5 years of the imposition of his original term of probation or sometime in 1989." The trial court denied relief and this court ultimately granted defendant a belated appeal. See Russell v. State, 652 So.2d 448 (Fla. 3d DCA 1995). This court's opinion indicates that the prior panel reviewed the trial court order on the merits, and affirmed it. That determination is now the law of the case. See Love v. State, 559 So.2d 198, 200-01 (Fla.1990).[2],[3]
Affirmed.
NOTES
[1] Defendant asks that we certify direct conflict with Jones v. State, 667 So.2d 940 (Fla. 2d DCA 1996). In Jones the court directed that the defendant receive credit against his prison sentence for time previously served on probation. Id.

We are, however, uncertain of the rule being followed in the Second District. More recently, in Moody v. State, 21 Fla. L. Weekly D1306, ___ So.2d ___ (Fla. 2d DCA May 29, 1996), the court said, "It is a correct statement of the law that a defendant's time spent on probation is not credited against a prison sentence imposed after revocation of probation. See State v. Summers, 642 So.2d 742 (Fla.1994)." 21 Fla. L. Weekly at D1306, ___ So.2d at ___. We agree with Moody.
Because we are uncertain of the rule being followed in the Second District, we decline to certify direct conflict. We acknowledge, however, that our holding in this case is apparently in conflict with the Second District decision in Jones v. State, although consistent with the Second District holding in Moody v. State.
Defendant also suggests that our holding is in conflict with Gonzales v. State, 658 So.2d 1091 (Fla. 4th DCA 1995). Gonzales involved a split sentence imposed after revocation of probation, whereas in the present case the trial court imposed solely incarceration after revocation of probation. We conclude that Gonzales does not apply to the present case.
[2] The record before us indicates that in response to a motion to mitigate filed earlier in the proceedings, the trial court calculated the amount of credit the defendant should be granted for time served on probation. The court took the view that credit should not be granted for periods of time in which the defendant was in violation of probation. The court granted credit for time served from the date of the probation order, until the issuance of an arrest warrant pursuant to the affidavit of violation of probation. There was an initial probation order followed by an affidavit of violation and arrest warrant; a second probation order followed by a second affidavit of violation and arrest warrant; and a third probation order followed by a third affidavit of violation and arrest warrant. The trial court calculated that the time properly credited to the defendant for the three probation intervals was three years and two months. Based on that calculation, the defendant's probation had not expired at the time of the filing of the third affidavit of violation of probation, and the court had jurisdiction to adjudicate the third affidavit of violation.
[3] We express no opinion on the legal effect of Summers on probation orders entered before the date Summers was decided.