681 So.2d 822 (1996)
Gary BRUGGEMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 96-01669.
District Court of Appeal of Florida, Second District.
October 11, 1996.
EN BANC
FULMER, Judge.
Gary Bruggeman appeals the summary denial of his motion to correct sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We affirm.
Bruggeman entered a plea of no contest to a second degree felony and was placed on probation for a period of fifteen years. As a result of violating his probation, he was sentenced to fifteen years in prison. In his motion, Bruggeman contends that his fifteen-year prison sentence, when combined with the time he previously spent under probation supervision, exceeds the statutory maximum and is, therefore, illegal. By this contention, Bruggeman essentially requests that he be given credit against his prison term for the time he spent under probation supervision.
The trial court correctly denied Bruggeman's motion because such credit is specifically prohibited by statute. Section 948.06(1), Florida Statutes (1991), provides that, upon revocation of probation, the trial court shall adjudge the probationer guilty of the offense charged and proven or admitted, unless there has been a previous adjudication of guilt, and impose any sentence that it might have originally imposed before placing the probationer on probation. The maximum sentence that may be imposed for a second degree felony is fifteen years incarceration. Section 948.06(2) provides that no part of the time the defendant is on probation shall be considered as any part of the time that the probationer shall be sentenced to serve. Thus, Bruggeman's sentence meets but does not exceed the statutory maximum and is, therefore, a legal sentence.
We recognize that Bruggeman has already been under the legal constraint of probation for approximately three years and now faces an additional fifteen years, which subjects him to a period of legal constraint in excess of the statutory maximum penalty. However, probation is not a sentence. As we previously recognized in Summers v. State, 625 So.2d 876 (Fla. 2d DCA 1993), aff'd, 642 *823 So.2d 742 (Fla.1994), a defendant could serve almost double the statutory maximum time under legal constraint by being placed on probation for the statutory maximum time and, upon revocation of probation, being sentenced to the maximum period of incarceration. This result does not occur in a situation where a split sentence is imposed upon revocation of a period of straight probation. However, this legal anomaly is a matter for the legislature. See Summers, 625 So.2d 876.
In his motion, Bruggeman relies on this court's opinion in Jones v. State, 667 So.2d 940 (Fla. 2d DCA 1996), which we now acknowledge incorrectly applied the rule set forth in Waters v. State, 662 So.2d 332 (Fla. 1995). In Waters the supreme court held that, if the trial court includes probation as part of a sentence imposed upon revocation of probation, the trial court must give credit for any time previously served on probation if the new period of probation together with other sanctions, including jail and prison credit, and the time previously served on probation total more than the statutory maximum for the underlying offense. Thus, Waters applies only in those cases where, after revocation of probation, the defendant is given a split sentence of incarceration followed by probation. Jones, like Bruggeman, was initially placed on straight probation. Jones was subsequently sentenced for violating probation to the maximum five-year term of imprisonment permitted for a third degree felony. Jones asserted the same claim that Bruggeman asserts now and we reversed, citing Waters, when in fact Waters did not apply.
Because our decision in Jones is incorrect, we recede from Jones and acknowledge that Summers requires an affirmance.
Affirmed.
THREADGILL, C.J., and RYDER, DANAHY, CAMPBELL, SCHOONOVER, FRANK, PARKER, PATTERSON, ALTENBERND, BLUE, LAZZARA, QUINCE and WHATLEY, JJ., concur.