682 So.2d 641 (1996)
James KINGSLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 96-987.
District Court of Appeal of Florida, Fifth District.
November 1, 1996.
James B. Gibson, Public Defender, and Susan A. Fagan, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Anthony J. Hall, Assistant Attorney General, Daytona Beach, for Appellee.
GOSHORN, Judge.
James Kingsley appeals the final judgment and sentence entered following a violation of probation. We affirm Kingsley's conviction, but must reverse and remand for resentencing because a revised sentencing guidelines scoresheet reflecting 40 points for severe victim injury was utilized rather than the original scoresheet, which allotted only 4 points because victim injury had been determined to be slight.
We reject the State's argument that we should affirm based upon Roberts v. State, 644 So.2d 81 (Fla.1994). In Roberts, the supreme court determined that in resentencing a defendant after his or her probation has been revoked, a court is authorized to revise a guidelines scoresheet to include prior convictions that were mistakenly omitted from the original scoresheet through no fault of the defendant. See Roberts, 644 So.2d at 82. The court reasoned:
Now that ... [the defendant] has committed a new crime and violated his probation, we see no reason to perpetuate the error. Justice is not served by awarding a defendant something to which he is not entitled.
Id. However, the fact that points were mistakenly omitted in Roberts distinguishes that case from the instant matter. Here, there was a determination at the original sentencing that the victim only suffered slight injury, and thus, Kingsley was awarded 4 points for that infraction.[1] Accordingly, *642 we reverse Kingsley's sentence and remand to the trial court for it to sentence Kingsley utilizing the original guidelines scoresheet. See Williams v. State, 678 So.2d 4 (Fla. 4th DCA 1996) (reversing for resentencing after violation of probation where trial court added points for legal restraint although original scoresheet showed no additional points for legal restraint); compare King v. State, 648 So.2d 183, 191-92 (Fla. 1st DCA 1994) (upon revocation of probation, original guidelines sentence may be enhanced "on grounds that the scoresheet was inaccurate when sentencing was originally pronounced") (emphasis added) (Benton, J., concurring in part, dissenting in part) (citing Roberts v. State, 644 So.2d 81 (Fla.1994)), rev. granted, 659 So.2d 1087 (Fla.1995).
AFFIRMED IN PART, REVERSED IN PART, REMANDED FOR RESENTENCING.
W. SHARP and THOMPSON, JJ., concur.
NOTES
[1] The State asserts that the facts of this case warrant 40 victim injury points because kicking the victim "in the legs and mid-section ... constitutes more than slight injury." However, there is nothing in the record to support this contention. In fact, the evidence tends to show that the injury was slight because Kingsley was never ordered to pay restitution for such items as medical expenses, physical therapy, or lost income.