SCHOONOVER, Judge.
The appellant, Hugh W. Robinson, Jr., challenges the sentences imposed upon him pursuant to the sentencing guidelines. We agree with the appellant’s contention that the guidelines seoresheet improperly contained twelve points, instead of six points, for violation of a release program. Because of that error and because the court erred in awarding the appellant credit for time served on community control, we reverse and remand for resentencing.
The appellant, after entering nolo conten-dere pleas, was originally sentenced to serve three concurrent sentences of two years on community control to be followed by three years of probation. The three offenses were prosecuted in two different cases, but were all committed on December 13,1994.
Less than a year after the appellant was sentenced, he was charged with, and pled guilty to, violating the terms and conditions of his community control. Over the appellant’s objection, the sentencing seoresheet included twelve points for release program violations. The appellant contended that this violation was the first violation of his community control and that only six points should have been included on the seoresheet. The trial court held that because the appellant was also on probation in another county, he violated two release programs and should receive six points for each violation. After defense counsel improperly advised the trial court that the appellant was entitled to credit for time served on community control, the court sentenced appellant to serve thirty-six months in prison and gave appellant credit for time served on community control. This timely appeal followed.
Florida Rule of Criminal Procedure 3.702(d)(10) provides:
“Release program violations” occur when the defendant is found to have violated a condition of a release program designated in subsection 921.011(6). Six points shall be assessed for each violation up to a maximum of 18 points in the case of multiple violations. Where there are multiple violations, points in excess of 6 may be assessed only for each successive violation that follows the reinstatement or modifieation of the release program and are not to be assessed for violation of several conditions of a single release program order.
We agree with the appellant’s contention that since this was his first violation of community control, only six points should have been added to his seoresheet. The fact that he was on probation in another county at the same time does not affect the score-sheet in this case. If the appellant is to be punished for violating the conditions of that probation, he will have to be charged with, found guilty, and sentenced for violating that probation by the court having jurisdiction over that case. If this occurs, six points may then be added to that seoresheet. See Williams v. State, 680 So.2d 532 (Fla. 1st DCA 1996).
In this case the appellant was sentenced for violating the conditions of a single release program order and, accordingly, only six points should have been assessed against him. Since the trial court erred by allowing twelve points to be assessed, we must reverse and remand for resentencing based upon a corrected seoresheet.
Furthermore, the record reflects that the trial court based the length of the appellant’s sentence on the incorrect assumption that the appellant was entitled to receive credit for the tíme he served on community control. In fact, the appellant is not entitled to such credit. § 948.06, Fla. Stat. (1993); Bruggeman v. State, 681 So.2d 822 (Fla. 2d DCA 1996). Accordingly, upon remand, the trial court should be aware that in considering the length of appellant’s sentence, the court is not required to give appellant credit for the time served on community control.
Reversed and remanded with instructions.
DANAHY, A.C.J., and FULMER, J., concur.