KLEIN, J.
The sole issue raised by this appeal is whether the trial court erred in assessing victim injury points for moderate injury rather than for slight injury. We reverse.
Section 921.0014, Florida Statutes (1997) provides for different amounts of victim injury points to be assessed depending on whether the injury is severe, moderate or slight. In this case the injuries occurred when appellant resisted arrest after an incident in a bar. One officer received cuts and bruises. Two officers were hit by flying glass when appellant kicked out a window in a vehicle, but there were no injuries other than tiny knicks. One officer fell while struggling with appellant, hit his head and shoulder on the car and was “stunned,” but testified he was not damaged. None of the officers sought medical attention.
The trial court assessed moderate injury points because of one officer who was hit by flying glass and the officer who struck his head. Slight injury points were assessed for the injuries to the other officer.
Appellant relies on Kingsley v. State, 682 So.2d 641 (Fla. 5th DCA 1996) in which severe victim injury points were assessed where the defendant had kicked the victim in the legs and midsection. The fifth district reversed, concluding that this was only a slight injury because defendant was not ordered to pay restitution for medical treatment or lost income. He also cites Lynn v. State, 687 So.2d 39 (Fla. 5th DCA 1997) in which the fifth district held that kicking a deputy in the knee while resisting arrest did not warrant points for slight injury where there was no evidence that the officer suffered any discomfort or slight injury.
Although the scoring of victim injury is within the sound discretion of the trial court, Kelly v. State, 701 So.2d 1253 (Fla. 5th DCA 1997), drawing the line between slight and moderate injuries is not *699 an easy task. Considering that under principles of lenity we must resolve any doubts as to the meaning of these terms in favor of appellant, we conclude that the injuries were, at most, slight. Kingsley. We therefore reverse.
FARMER and STEVENSON, JJ., concur.