873 So.2d 605 (2004)
Sean CARRIGAN, Appellant,
v.
STATE of Florida, Appellee.
No. 5D03-3271.
District Court of Appeal of Florida, Fifth District.
May 28, 2004.
*606 Andrew D. Stine, West Palm Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Lamya A. Henry, Assistant Attorney General, Daytona Beach, for Appellees.
PLEUS, J.
Sean Carrigan appeals from his sentence following the revocation of his probation, asserting that the trial court erred in scoring the 1.5 drug multiplier on his violation of probation sentencing scoresheet when it had not been scored on his original sentencing scoresheet. We affirm.
In 1996, the defendant entered into a negotiated nolo contendere plea whereby he pled to one count of trafficking in 28 grams or more of cocaine with a firearm and one count of leaving the scene of an accident with injuries. The defendant was adjudicated guilty and sentenced, in accordance with the plea agreement, to 72 months in prison followed by five years probation. This included a three year minimum mandatory sentence for the firearm. The sentencing guidelines scoresheet, which was prepared even though the sentence imposed was not based on the guidelines,[1] did not include a 1.5 drug multiplier applicable to drug trafficking offenses.
In 2003, the State filed an affidavit of violation of probation, alleging the defendant violated his probation on two occasions by possessing methamphetamine, possessing drug paraphernalia and by selling methamphetamine.
The defendant admitted to violating his probation. An issue at sentencing involved whether the court could add the 1.5 drug multiplier to the defendant's scoresheet when the multiplier had not been scored on the original sentencing scoresheet. The defendant argued that to score the 1.5 multiplier only upon sentencing following violation of probation would violate his double jeopardy rights.
The State countered that there was no discussion of applicability of the 1.5 drug multiplier at the original sentencing hearing and there was no reason the probation revocation sentencing court could not now score the drug multiplier.
As a result of adopting the State's view of the law, the defendant's score of 87.6 points was increased to 131.4 points. The defendant was subjected to 43.8 additional months incarceration. He was given a guidelines sentence of 110 months incarceration.
In Roberts v. State, 644 So.2d 81 (Fla. 1994), the supreme court recognized that in sentencing a defendant after a revocation of probation, a court has authority to revise a guidelines scoresheet to include prior convictions that were mistakenly omitted from the original scoresheet through no fault of the defendant. In that case, the original scoresheet omitted a number of the defendant's prior convictions. After violating his probation, a revised scoresheet was prepared which included the prior convictions. The supreme court approved, explaining:
When Roberts was originally sentenced, he received the benefit of a mistake in his guidelines scoresheet. Now that he *607 has committed a new crime and violated his probation, we see no reason to perpetuate the error. Justice is not served by awarding a defendant something to which he is not entitled.
644 So.2d at 82.
The Roberts court further agreed with the district court opinion which added that: "since the defendant's violation of probation triggered the resentencing, the defendant is not being sentenced for precisely the same conduct and double jeopardy concerns do not come into play." Id. at 82-83, citing Roberts v. State, 611 So.2d 58, 59 (Fla. 3d DCA 1992). See also State v. Marshall, 869 So.2d 754 (Fla. 5th DCA 2004).
Roberts applies where points were mistakenly omitted from the original scoresheet, and has not been used to permit an assessment of points based on reconsideration of a valid scoresheet. Kingsley v. State, 682 So.2d 641 (Fla. 5th DCA 1996). In Kingsley, this Court distinguished Roberts in holding that the trial court improperly used, in resentencing the defendant after revocation of his probation, a revised scoresheet which reflected 40 points for severe victim injury rather than the original scoresheet which had allotted just four points for slight victim injury. The Kingsley court did not express why the trial court was precluded from recalculating the points.
Both Roberts and Kingsley are distinguishable from the instant case. The issue of scoring the 1.5 drug multiplier was not considered at the original sentencing proceeding so that the rule in Kingsley barring upward revisions in point assessments is inapplicable. However, unlike Roberts, which involved an erroneous scoresheet due to the failure to include the defendant's requisite prior convictions, the assessment of the drug multiplier is entirely discretionary with the sentencing court. See Fla. R.Crim. P. 3.702(d)(14). See also Perez v. State, 804 So.2d 1265 (Fla. 5th DCA 2002). The instant case thus does not involve correction of an erroneous scoresheet. Rather, the precise question presented is whether the probation revocation sentencing court can exercise its discretion to score the 1.5 drug multiplier when it was not scored in the original sentencing proceeding.
The defendant's contention that double jeopardy would preclude such assessment was effectively rejected in Roberts when the supreme court stated that where a violation of probation triggers resentencing, the defendant is not being sentenced for precisely the same conduct and double jeopardy concerns are not implicated.
The trial court's authority to impose a stiffer sentence after a violation of probation derives from section 948.06(1), Florida Statutes, which provides in relevant part:
If probation or community control is revoked, the court shall adjudge the probationer or offender guilty of the offense charged and proven or admitted, unless he or she has previously been adjudged guilty, and impose any sentence which it might have originally imposed before placing the probationer on probation or the offender into community control. (emphasis added).
In Aponte v. State, 810 So.2d 1008 (Fla. 4th DCA 2002), the Fourth District held that victim injury points could be assessed upon a violation of probation despite the fact such points were not assessed in connection with the original sentencing. The court explained that the original sentencing court did not address whether victim injury points should be assessed and rejected the claim that Roberts created a single exception (mistaken omission) applicable to the revision of an original scoresheet. The court concluded:

*608 There is no doubt that in the instant case, the trial court could have assessed victim injury points at the original sentencing hearing had the state presented evidence to support victim injury points. Therefore, we see no reason why the plain reading of section 948.06(1) does not permit the same victim injury points to be assessed upon a violation of probation.
810 So.2d at 1011. But see Williams v. State, 678 So.2d 4 (Fla. 4th DCA 1996) (where original scoresheet showed no additional points for legal restraint, it was error to add such points after violation of probation).
Judge Klein, in a special concurrence in Aponte, felt compelled to agree with the result based on existing case law, but believed section 948.06(1) prohibits adding points after probation is revoked and that Roberts carved out a sole exception, that for mistaken omissions. Judge Klein conceded that, "If double jeopardy does not prohibit what was done in Roberts, it may not prohibit what is being done in this case." 810 So.2d at 1013.
Aponte is consistent with Roberts which rejects application of double jeopardy principles to prohibit the scoring of points omitted from the original scoresheet. While the decision in Kingsley does not express the rationale for why a trial court cannot recalculate victim injury points following a violation of probation, it may be that the court was applying principles of law of the case. In other words, where an issue is litigated and decided by the trial court with finality, such as the assessment of victim injury points, such issue cannot be relitigated. See generally, Florida Dep't of Transportation v. Juliano, 801 So.2d 101 (Fla.2001). Where, as in Aponte and here, the issue was not addressed by the trial court at the original sentencing, law of the case would not preclude consideration of the issue upon violation of probation.
Any reliance on Trotter v. State, 801 So.2d 1041 (Fla. 5th DCA 2001), approved, 825 So.2d 362 (Fla.2002), is misplaced. Trotter involved a resentencing pursuant to Heggs v. State, 759 So.2d 620 (Fla.2000), and not imposition of a sentence upon violation of probation. It was on remand for resentencing that the trial court, having originally exercised its discretion not to apply the drug multiplier, changed its mind and decided to apply the multiplier. Because a resentencing pursuant to a successful Heggs challenge is de novo, it was held that the trial court was not precluded by double jeopardy principles from changing its mind and applying the multiplier. Kingsley, however, reflects that resentencing upon a violation of probation may not be entirely de novo. Nevertheless, there appears to be no constitutional or statutory impediment to a trial court, upon sentencing for a violation of probation, from scoring the drug multiplier where the issue was not considered at the original sentencing.
AFFIRMED.
SAWAYA, C.J. and PALMER, J., concur.
NOTES
[1] See Ruff v. State, 840 So.2d 1145 (Fla. 5th DCA 2003).