SAWAYA, J.,
concurring.
I present this concurring opinion to explain why I believe the crime victim in this case is entitled to restitution and to explain why the procedure initially employed by the trial judge to determine the amount of restitution should not be condoned.
Pursuant to a plea agreement, Jacqueline Connor entered a plea of guilty to the charge of robbery in exchange for a sentence of 18 months’ probation and payment of restitution to the victim. The plea was entered and Connor was sentenced on August 31, 2005. When the sentence was imposed, the trial judge ordered restitution as a condition of Connor’s probation and orally announced that “we’ll reserve on the restitution for 42 days. If there’s no number established within six weeks, the number will be zero.” The record reflects that a written order to that effect has never been entered.
On September 21, 2005, well before the 42-day period expired, a warrant was issued alleging that Connor had violated her probation. A hearing was held on November 1, 2005, at which Connor admitted the *489 violations. Connor’s probation was revoked, she was sentenced to 14.7 months in prison, and in the same hearing, the trial court proceeded to determine the amount of restitution Connor owed the victim. The only objection Connor made was that “the court lacks jurisdiction at this time.” The trial judge disagreed and entered a restitution order in the amount of $2,400, to be paid through the collections court.
Connor appeals the restitution order, claiming that the trial court did not have jurisdiction to enter the order at that time.[1] Specifically, Connor asserts that the self-imposed time period of 42 days limited the trial court’s jurisdiction to that period of time and since that time limit expired without a hearing, the trial court lacked jurisdiction to determine the amount and order restitution as part of her sentence for violation of probation. She further asserts that the amount of restitution was automatically set at zero upon expiration of the 42-day time period despite the fact that a hearing to establish the amount was never set and no order was rendered by the trial court finding that the time limit had expired. Accordingly, Connor contends that it was error for the trial judge to increase this automatically established amount of restitution when Connor was subsequently sentenced for violation of probation. I disagree.
“[Vjiolation of probation opens a new chapter in which the court ought to be able to mete out any punishment within the limits prescribed for the crime.” Bilyou v. State, 404 So.2d 744, 745 (Fla.1981). The Legislature has decreed that when a defendant is sentenced for violation of probation and the trial court revokes probation, as it did here, the court may “impose any sentence which it might have originally imposed before placing the probationer on probation.” § 948.06(2)(b), Fla. Stat. (2005); see also § 948.06(2)(e), Fla. Stat. (2005); Woods v. State, 879 So.2d 651 (Fla. 5th DCA 2004). For example, when sentencing a defendant for violation of probation the trial court may: impose a fine that could have been, but was not, imposed at the time the defendant was sentenced on the substantive charge, see Smith v. State, 448 So.2d 20 (Fla. 1st DCA 1984); order payment of fees that could have been, but were not, ordered at the time defendant was sentenced on the substantive charge, see Woods; assess a drug multiplier to the scoresheet that was not applied at the time of the original sentence, see Carrigan v. State, 873 So.2d 605 (Fla. 5th DCA 2004);[2] *490 assess victim injury points on the score-sheet that were not assessed at the time of the original sentencing, see Aponte v. State, 810 So.2d 1008 (Fla. 4th DCA 2002); revoke the defendant’s probation and sentence him or her to a prison sentence that exceeds the maximum sentence agreed upon in a plea agreement, see State v. Segarra, 388 So.2d 1017 (Fla.1980);[3] and revoke the defendant’s probation and sentence him or her to the maximum period in prison, see Bruggeman v. State, 681 So.2d 822 (Fla. 2d DCA 1996).
It logically follows that when restitution, which is a mandatory part of sentencing that renders a sentence incomplete unless it is ordered, is not imposed as part of the sentence for the underlying offense, it may be ordered as part of the sentence imposed for violation of probation. Clearly, the trial court had jurisdiction to order restitution as part of the violation of probation sentence.
As for Connor’s assertion that the oral order constitutes a final determination that the amount of restitution is zero and that the trial court did not have jurisdiction to change it as part of the violation of probation sentence, I do not think that order constitutes a final order. Therefore, the trial court would have had jurisdiction to enter an order determining the amount after the 42-day self-imposed time limit and after the 60-day limit provided by Florida Rule of Criminal Procedure 3.800. The courts have consistently held that restitution is a mandatory part of sentencing and must be ordered at the time the sentence is imposed or within 60 days thereafter. , See State v. Sanderson, 625 So.2d 471, 473 (Fla.1993). In the event restitution is ordered within 60 days of sentencing, as was done in the instant case, the trial court has jurisdiction to determine the amount of restitution beyond that time period. Sanderson; see also L.O. v. State, 718 So.2d 155, 157 (Fla.1998) (“[W]e reaffirm our decision in Sanderson and hold that ‘if an order of restitution has been entered in a timely manner, a court can determine the amount of restitution beyond the sixty-day period.’ ”) (quoting Sanderson, 625 So.2d at 473); Wallace, 833 So.2d at 207-08 (holding that once restitution is timely ordered, “a trial court generally has jurisdiction to set the amount of previously ordered restitution up until the termination of the defendant’s probation” or until a final order is entered establishing the amount) (citing Gladfelter v. State, 618 So.2d 1364 (Fla.1993)); R.D. v. State, 743 So.2d 1124, 1125 (Fla. 1st DCA 1999) (“Under the circumstances, because the order establishing the restitution obligation was entered in a timely manner, the trial court had the jurisdiction to determine the amount of restitution beyond the sixty-day period in rule 3.800(c).”); Law v. State, 705 So.2d 632 (Fla. 5th DCA 1998). Hence, as the court in Sanderson explained, the determination of the amount of restitution is not controlled by the time limitations of rule 3.800. Sanderson, 625 So.2d at 472-73; see also Gladfelter, 618 So.2d at 1365 (“Because restitution was made an original condition of the probation, the court could properly determine the amount of restitution at a later date. We do not construe rule 3.800 as requiring this to be done within sixty days.”). It is a general rule that a trial court has jurisdiction to modify, vacate, or set aside an order or ruling before it becomes final, provided there are no rules or statutes that restrict its authority to do so.[4]
*491 Here, a final order was never entered by the trial court finding that the deadline had expired and that the amount of restitution was zero.[5] Without such an order, it would be left to speculation and conjecture whether anything was presented during the 42-day period to establish an amount. Moreover, the courts generally do not consider as final an order, such as the oral ruling in the instant case, which purports to become final at a later date without further judicial action. See Hancock v. Piper, 186 So.2d 489 (Fla.1966); ATM Ltd. v. Caponed Footwear Ltd., Corp., 867 So.2d 413 (Fla. 3d DCA 2003); United Water Fla., Inc. v. Fla. Pub. Serv. Comm’n, 728 So.2d 1250, 1251 (Fla. 1st DCA 1999); Dep’t of Transp. v. Post, Buckley, Schuh & Jernigan, 557 So.2d 145 (Fla. 1st DCA 1990); Epley v. Washington County, 358 So.2d 592, 594 (Fla. 1st DCA 1978). In these instances, the order is considered interlocutory, the trial court is not divested of jurisdiction, and the litigation continues until a final order is entered. Hancock; Ponton v. Gross, 576 So.2d 910 (Fla. 1st DCA 1991); Augustin v. Blount, Inc., 573 So.2d 104 (Fla. 1st DCA 1991). As we stated in Andrews v. McGowan, 739 So.2d 132, 135 (Fla. 5th DCA 1999), “Interlocutory rulings are subject to reconsideration by the trial court prior to entry of a final order in the cause.” See also Dawkins, Inc. v. Huff, 836 So.2d 1062, 1065 (Fla. 5th DCA 2003) (observing that “a court always has jurisdiction during the progress of a case to set aside or modify an interlocutory order before final judgment” and that “such orders remain within the inherent power of the court to control the progress of the case prior to final judgment”).
Moreover, the oral ruling that “[i]f there’s no number established within six weeks, the number will be zero” was never reduced to writing. If this oral ruling were to be deemed a final order, the State would be deprived of its right to appeal[6] *492 because an order not reduced to writing is not a final order subject to review. See Hobson v. State, 908 So.2d 1162, 1163 n. 1 (Fla. 1st DCA 2005); State v. Johnson, 892 So.2d 563 (Fla. 1st DCA 2005); Walker v. State, 647 So.2d 262 (Fla. 1st DCA 1994) (concluding the district court lacks jurisdiction to review oral order that was made from the bench where order was never reduced to writing and thus not “rendered”); Gatlin v. State, 618 So.2d 765 (Fla. 2d DCA 1993); McClinton v. State, 588 So.2d 701 (Fla. 5th DCA 1991).
Since there is no rule or statute that places jurisdictional time limits on the determination of the amount of restitution, and because I know of no rule or statute that prevented the trial court from reconsidering its prior non-final interlocutory ruling, I believe it was appropriate for the trial court to modify that ruling and extend the hearing to a later date, especially in light of the particular facts and circumstances of this case.
I will conclude by noting that the preamble to section 775.089, Florida Statutes, states, “[T]he criminal justice system of this state has for too long excluded victims from meaningful participation in the criminal justice process, adding to the pain and anguish already suffered by reason of the criminal acts committed against them.... ” Ch. 88-96, at 445, Laws of Fla. (preamble). The preamble also provides that “the Legislature intends to ensure that all victims of crime are treated with dignity, respect, and sensitivity and that the rights of victims of crime are honored and protected by law enforcement agencies, prosecutors, and judges in a vigorous manner.” Id. To protect the rights of crime victims, the Legislature enacted section 775.089 to make payment of restitution to crime victims mandatory unless clear and compelling reasons exist to justify nonpayment. Further protection is provided by article I, section 16(b) of the Florida Constitution, which states that “[vjictims of crime ... are entitled to the right to be informed, to be present, and to be heard when relevant, at all crucial stages of criminal proceedings .... ” Chapter 960, Florida Statutes, implements these constitutional rights. See, e.g., § 960.0021, Fla. Stat. (2005) (requiring that the trial court inform victims of their rights, which include the rights to be informed, to be present, to be heard, to receive advance notification of judicial proceedings and scheduling changes, and to seek crimes compensation and restitution).
I do not believe that the oral ruling by the trial court fully complied with the court’s obligation to vigorously protect the rights of the crime victim. In my view, those rights can far better be protected by setting a specific hearing date and by requiring that appropriate notice of that date be given to the crime victim. While the trial judge may have intended to expedite his docket by ending his judicial labor once his self-imposed deadline had expired, I believe that the rights of crime victims far outweigh the limited benefit of judicial expediency. I do not think that this is a proper procedural manner of setting restitution hearings or protecting the rights of crime victims, and it should not be utilized again by any trial judge.

. Connor also raises a double jeopardy argument. However, double jeopardy concerns are not implicated in violation of probation proceedings. As the court explained in Roberts v. State, 644 So.2d 81 (Fla. 1994), "[S]ince the defendant’s violation of probation triggered the resentencing, the defendant is not being sentenced for 'precisely the same conduct,[1] and double jeopardy concerns do not come into play.” Id. at 82-83 (quoting Roberts v. State, 611 So.2d 58, 59 (Fla. 3d DCA 1992)); see also State v. Payne, 404 So.2d 1055 (Fla.1981); Woods v. State, 879 So.2d 651 (Fla. 5th DCA 2004); Carrigan v. State, 873 So.2d 605 (Fla. 5th DCA 2004).

. In Carrigan, this court indicated that although jurisdiction may indeed be lacking in cases where the trial court attempts to modify or change the original sentence, it is not in violation of probation proceedings when a different sentence is imposed. Therefore, according to Carrigan, Connor’s sole objection based on lack of jurisdiction was not the correct objection for her to raise in the violation of probation proceedings. Rather, Con-nor may have raised an objection based on law of the case or, possibly, res judicata or collateral estoppel. Carrigan, 873 So.2d at 608 (citing Florida Dep’t of Transp. v. Juliano, 801 So.2d 101 (Fla.2001) (explaining the elements of each defense)). I note that an objection on these grounds would then raise the issue whether the matter was fully and fairly litigated by the parties in order to satisfy the requirements of law of the case, collateral *490 estoppel, or res judicata, and I do not think it was.

. See also Bilyou v. State, 404 So.2d 744 (Fla.1981); Aponte v. State, 810 So.2d 1008 (Fla.4th DCA 2002).

. Although it is a general rule that a trial court may not modify, vacate, or set aside a final judgment or order unless specifically allowed by rule or statute, it does have the authority to modify, vacate, or set aside an order or ruling before it becomes final, provided there are no rules or statutes that restrict its authority to do so. See State v. M.C., 666 So.2d 877, 878 (Fla.1995) (“Further, it is the general rule in Florida that a trial court may not modify, amend, or vacate an order of final judgment except as provided by rule or statute.”) (citing Kippy Corp. v. Colburn, 177 So.2d 193 (Fla.1965)); Watson v. State, 633 So.2d 1171, 1173 (Fla. 3d DCA) (“[I]t is well settled that a court has control over its judgments and decrees during the term in which they are rendered, and may vacate, modify, or set them aside in the absence of statutory or constitutional restrictions.”) (citing Floyd v. State ex rel. La Vigne Elec. Co., 139 So.2d 873, 875 (Fla.1962), superseded by statute as recognized in Kippy Corp.; Lewis v. Jennings, 64 So.2d 275, 277 (Fla.1953)), review denied, 641 So.2d 1347 (Fla.1994).

. In S.L.T. Warehouse Co. v. Webb, 304 So.2d 97 (Fla.1974), the court explained the test to determine if an order or judgment is final “is whether the order in question constitutes an end to the judicial labor in the cause, and nothing further remains to be done by the court to effectuate a termination of the cause as between the parties directly affected.” Id. at 99 (footnote omitted); see also State v. Gaines, 770 So.2d 1221, 1223-24 (Fla.2000) (same); Array v. Alberigi, 832 So.2d 873, 874 (Fla. 5th DCA 2002). Here, the oral ruling provided that if a hearing was not held in 42 days, the amount of restitution would be zero. Further judicial labor is necessary to make this ruling final because the trial court would have to enter another order finding that the time limit expired without a hearing and the amount of restitution is zero. Without such a final order, the issue of the amount would remain pending and termination of the issue would not be effectuated.

.See § 924.07(l)(k), Fla. Stat. (2005) (giving the state the right to appeal an order denying restitution).