# DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## FOURTH DISTRICT

**EDDIE ISAAC BEAN,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D17-2419

[January 9, 2019]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Laura S. Johnson, Judge; L.T. Case No. 50-2015-CF-002474-AXXX-MB.

Carey Haughwout, Public Defender, and Erika Follmer, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Brooke Moody, Attorney General, Tallahassee, and Georgina Jimenez-Orosa, Senior Assistant Attorney General, West Palm Beach, for appellee.

WARNER, J.

Appellant challenges his sentence imposed after his plea to multiple charges. He raises three issues. First, he contends that the trial court erred in sentencing him based upon an incorrect scoresheet that included points for "slight victim injury" where there was insufficient evidence of such injury. Based upon the evidence and entire circumstances of the case, we conclude that the inclusion of these points was not error. Second, he argues that a jury should have made the determination of whether "slight victim injury" occurred, based upon *Alleyne v. United States*, 133 S. Ct. 2151 (2013), which requires a jury to make any factual finding increasing the mandatory minimum sentence for a defendant. In this case, however, no mandatory minimum is involved. Therefore, *Alleyne* does not apply. Third, he challenges the costs imposed, and the State concedes that the costs judgment is not supported by the record. We therefore affirm as to the sentence but reverse as to the costs and remand for a new hearing.

In 2015, appellant was charged by information with various crimes related to a bank robbery in Palm Beach County. Appellant forced six bank tellers into the bank's vault room at gunpoint, hit each of the tellers over the head with a gun, made them strip their clothes, and sexually assaulted one of the tellers. When appellant attempted to flee the scene, he shot at a law enforcement officer. Appellant was injured and was found with over $60,000 in cash next to him. The State charged him with fourteen counts, including: attempted first degree murder with a firearm of a LEO; sexual battery; five counts of kidnapping with a firearm; six counts of aggravated battery with a firearm; and aggravated assault with a firearm. The six counts of aggravated battery with a firearm relate to the six victims that appellant intentionally struck during the bank robbery.

Appellant pled guilty to all of the charges. Following the plea hearing, appellant moved for a downward departure sentence, arguing that his offense was committed in an unsophisticated manner and was an isolated incident for which he had shown remorse. He admitted that he hit "several" employees with a firearm. Appellant claimed that he pled guilty to the charges "to take responsibility for his actions and not place more emotional trauma on the tellers by forcing them to testify before a jury."

At the sentencing hearing, the prosecutor explained that the various victims would not be giving input as to a sentence because they had been terrified by the appellant. Defense counsel offered witnesses in support of the motion for downward departure, but the State objected to any departure. It noted the sadistic nature of the robbery, arguing that appellant was not entitled to a downward departure because he denied the acts related to the sexual battery. The State stressed how appellant shot at a LEO, pistol-whipped "many" of the bank employees, and forced the women to strip. It asked for the court to impose the maximum sentences for the crimes. The court declined to downwardly depart, finding that the crimes were aggravated and involved physical and sexual violence. Appellant's scoresheet showed 1,132.80 total sentencing points, with a lowest permissible sentence of 828.60 months.[1] His maximum possible sentence was life in prison.

The court sentenced appellant to concurrent sentences of 827.25 months for the counts of attempted murder, sexual battery, and kidnapping. It imposed concurrent fifteen-year sentences for the six charges of aggravated battery with a firearm, as well as a five-year sentence

---

[1] The scoresheet in the record shows an LPS of 828.60, but at sentencing both the court and counsel referred to the LPS as 827.25 months. That is the sentence which was imposed. There appears no explanation in the record for the difference.

for the charge of aggravated assault with a firearm. The attempted murder conviction carried a minimum mandatory sentence of twenty years, and the kidnapping and aggravated battery charges all included a ten-year mandatory minimum sentence for use of the firearm. The court also entered an order on costs to be imposed on all cases, as appellant was also sentenced for a related case involving grand theft. These included $3,080 and $4,146 for criminal domestic violence and rape crisis costs.

Appellant timely appealed his sentences in the underlying case. Prior to filing his initial brief, appellant filed a Florida Rule of Criminal Procedure 3.800(b)(2) motion to correct sentencing error. Appellant raised two issues regarding scoresheet errors and the costs imposed by the court. First, appellant noted that his sentencing scoresheet shows 1,132.80 total points, including twenty-four points for slight victim injury, presumably for the six counts of aggravated battery with a firearm ("4 x 6 = 24"). Appellant contended that inclusion of sixteen of those points was error because the record showed evidence of physical injury for only two of the victims. Because the victim injury points raised his minimum sentence, he was entitled to resentencing. Second, appellant asserted that in the order assessing charges, costs, and fines, various line items were lump sums, and the court never indicated upon what statutory authority it relied to impose the costs.

The court did not rule on appellant's rule 3.800(b)(2) motion, and thus, it was deemed denied. *See* Fla. R. Crim. P. 3.800(b)(2)(B).

Appellant then filed a second rule 3.800(b)(2) motion, arguing that the court erred by increasing his sentence based on the victim injury points. He contended that when a court relies on a fact that increases a defendant's sentence, the fact must either be submitted to a jury or admitted by the defendant under *Alleyne v. United States*, 133 S. Ct. 2151 (2013) and *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

The court denied appellant's motion, agreeing with the State that appellant consented to judicial factfinding when he pled to all of the charges. It concluded that there was ample factual support for the twenty-four victim injury points, including testimony at the sentencing hearing. After the denial, appellant filed his brief.

Florida Rule of Criminal Procedure 3.704(d)(9) states that a court scores for "victim injury" when there is "physical injury or death suffered by a person as a direct result of any offense pending before the court for sentencing." Points for victim injury "must be scored for each victim physically injured and for each offense resulting in physical injury whether

3

there are one or more victims" for all offenses for which the defendant has been convicted. *Id.*; *see* Fla. R. Crim. P. 3.703(d)(9). Sections 921.0021(7) and 921.0024, Florida Statutes, provide for different amounts of injury points depending on whether the victim's injury is severe, moderate, or slight. *See* § 921.0021(7)(a), Fla. Stat. ("'Victim Injury' means the physical injury or death suffered by a person as a direct result of the primary offense, or any additional offense, for which an offender is convicted and which is pending before the court for sentencing at the time of the primary offense."); *see* § 921.0024, Fla. Stat. (allowing for the addition of victim injury points to a defendant's scoresheet under the CPC).

A trial court's assessment of victim injury points is reviewed for an abuse of discretion. *Poole v. State*, 753 So. 2d 698, 698 (Fla. 4th DCA 2000). If there is competent substantial evidence to support the findings, the court's assessment of victim injury points will be upheld. *See Hall v. State*, 598 So. 2d 230, 231 (Fla. 2d DCA 1992).

In this case, the parties never addressed the specific issue of the scoring of the injury points at the sentencing hearing. However, in the plea agreement, appellant acknowledged his minimum sentence based upon his score, which included the slight injury points. Furthermore, without objection, the prosecutor informed the court that the six tellers were "pistol-whipped" or beaten with a gun. This was confirmed by all of the victims' statements and admitted by the appellant in his motion for downward departure. Also, the record shows that three of the victims were transported to the hospital for attention to their injuries. This is not like cases in which a victim was kicked but denied injury. *See, e.g., Mincey v. State*, 468 So. 2d 473 (Fla. 4th DCA 1985) (finding defendant was entitled to recomputation of scoresheet regarding points for slight victim injury where defendant kicked police officers, but they testified that they were not injured). Here, there was no denial of injury. Further, the appellant specifically stated that part of his reason for pleading guilty was to spare the victims from testifying and to not further traumatize them. He can hardly complain that there is insufficient evidence of slight injury to the victims when he affirmatively expressed his intent not to require them to testify. Given the fact that all of the victims were beaten with a gun, the trial court was within its discretion in concluding that at least slight injury occurred.

Alternatively, appellant contends that the court violated his Sixth Amendment rights by assessing points for victim injury without submitting that fact to the jury for determination, relying on *Alleyne v. United States*, 133 S. Ct. 2151 (2013). In *Alleyne*, the Supreme Court held that any fact which increases a defendant's *mandatory minimum* sentence

must be submitted to a jury and found beyond a reasonable doubt. *Id.* at 2158. *Alleyne* does not apply to this case because it does not involve a fact which increased a mandatory minimum sentence. The scoring of victim injury points establishes the lowest permissible sentence pursuant to the Criminal Punishment Code, but it is not a fact which increases a mandatory minimum sentence. *See Williams v. State*, 143 So. 3d 423 (Fla. 1st DCA 2014). As appellant pled guilty and accepted the lowest permissible sentence in his plea agreement, calculated using the victim injury points, he accepted the judicial factfinding involved in his sentence. *See Blakely v. Washington*, 542 U.S. 296, 310 (2004) ("When a defendant pleads guilty, the State is free to seek judicial sentence enhancements so long as the defendant either stipulates to the relevant facts or consents to judicial factfinding.").

Finally, the State concedes that the costs imposed of $3,080.00 (for "Criminal Domestic Violence/Rape Crisis Costs CT/MM/CF") and $4,146.00 (for "Criminal Domestic/Rape/Child Adv Costs/FDLE CF") must be reversed and remanded to determine on what statutory authority the costs were based. *See Keel v. State*, 134 So. 3d 1005, 1007 (Fla. 1st DCA 2012) ("A trial court errs when it fails to delineate its statutory authority for each discretionary fine or cost imposition, as it denies the defendant the right to be heard."). We thus remand for further proceedings for the trial court to correct the cost judgment by providing a breakdown of the costs and their statutory authority.

*Affirmed in part; reversed in part and remanded for proceedings consistent with this opinion.*

DAMOORGIAN and KUNTZ, JJ., concur.

\*         \*         \*

***Not final until disposition of timely filed motion for rehearing.***