# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2023-3236
LT Case No. 2017-CF-2990-A

_____

ALIYAH M. GREENE,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Lake County.
James R. Baxley, Judge.

Matthew J. Metz, Public Defender, and John M. Selden, Chief
Assistant Public Defender, Daytona Beach, for Appellant.

Aliyah M. Greene, Ocala, pro se.

James Uthmeier, Attorney General, Tallahassee, and Kaylee D.
Tatman, Assistant Attorney General, Daytona Beach, for
Appellee.

August 22, 2025

HARRIS, J.

In this *Anders*[1] appeal, Aliyah Greene argues that the trial court erred in denying her request to reduce the points in her criminal punishment code scoresheet. We disagree and affirm the judgment and sentence.

In August 2022, Greene pled guilty to one count of kidnapping and one count of conspiracy to commit kidnapping. Pursuant to her plea agreement, she was adjudicated guilty on both counts, placed on five years' probation on the kidnapping charge and time served on the remaining count. Her criminal punishment code scoresheet, filed in open court at sentencing, did not include victim injury points, even though the probable cause affidavit and Greene's own statement to the investigating detectives revealed that the victim of the kidnapping was brutally and repeatedly pistol whipped by Greene's co-conspirators.

Less than a year later, Greene was arrested and charged with violating her probation by using or possessing methamphetamines. At her sentencing hearing following her open plea of no contest to the violation charge, the scoresheet prepared by the State included 40 points for severe victim injury on the original kidnapping charge. Greene objected to the inclusion of those additional points, relying on this Court's opinion in *Kingsley v. State*, 682 So. 2d 641 (Fla. 5th DCA 1996). We find this reliance to be misplaced.

In *Kingsley*, we reversed for resentencing where a revised scoresheet submitted in a violation of probation proceeding included an additional 40 points for severe victim injury. *Id.* at 642. However, the original sentencing court determined that the victim only suffered slight injury and assessed only four points. *Id.* at 641. We concluded that the trial court erred by re-scoring the injury points after a determination had already been made. *Id.* at 642.

In Greene's case, no such determination was made at the original sentencing. Because the trial court concluded that the points were mistakenly omitted, *Kingsley* is distinguishable. In sentencing a defendant after revocation of probation, a court is

---

[1] *Anders v. California*, 386 U.S. 738 (1967).

authorized to revise the scoresheet to include points that were mistakenly omitted originally. *See Roberts v. State*, 644 So. 2d 81, 82 (Fla. 1994) ("Now that [the defendant] has committed a new crime and violated his probation, we see no need to perpetuate the error. Justice is not served by awarding a defendant something to which he is not entitled.").

Accordingly, having found no reversible error apparent on the face of the record, *see State v. Causey*, 503 So. 2d 321 (Fla. 1987), we affirm Greene's judgment and sentence.

AFFIRMED.

JAY, C.J., and SOUD, J., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

3